IN THE MATTER OF THE EXECUTIVE COMMUNICATION OF FEB-
RUARY 29, 1872, RELATIVE TO THE CONSTITUTIONALITY OF
THE 24TH SECTION OF THE REVENUE LAW.

1. Art. IV, sec. 30, of the Constitution, provides that laws making appro-
priations for the salaries of public officers and other current expenses
of the State, *shall contain provisions on no other subject.* The 14th sec.
of the IVth Article provides, that each law of the Legislature shall
embrace but one subject and matters properly connected therewith,
which subject shall be briefly expressed in the title.

2. Where an act which, according to its title and its general provisions, is
an act to raise a revenue and regulates the assessment and collection
of taxes, a provision therein directing the payment of the interest on
the public debt, and the current expenses of the State, is void.

EXECUTIVE OFFICE,
Tallahassee, Fla., Feb. 29, 1872.

*To the Honorable Supreme Court of the State of Florida :*

The 24th section of the act entitled " An Act for the As-
sessment and Collection of Revenue in this State," and which
has become a law by the expiration of ten days since the
adjournment of the Legislature, is as follows :

" SEC. 24. The State Treasurer shall pay out all moneys
which he may receive from the different Collectors of Reve-
nue of this State, in the following manner :

" *First*—Interest upon all seven per cent. bonds issued
under an act passed January 26th, 1871, entitled an act re-
lating to the Finances of this State.

" *Second*—To pay the interest on the coupons upon all
the State bonds not hypothecated and issued heretofore,
excepting therefrom bonds issued for railroad purposes.

" *Third*—In the payment of all Comptroller's warrants
as they are presented, issued for services rendered after the
first day of January. A. D. 1872."

The purpose of this act is to provide the mode and manner
of assessing and collecting the revenue of the State.

I desire the opinion of the Justices of the Supreme Court upon two questions of law arising upon the facts stated :

*First*—Is the 24th section of this act constitutional ?

*Second*—If it is not constitutional, does that fact render the remaining portion of the bill unconstitutional and in-operative ?

Very respectfully, your ob'dt serv't,

SAM'L T. DAY,

*Lt. and Acting Governor.*

SUPREME COURT ROOM,
Tallahassee, Fla., March 1, 1872.

His Excellency SAMUEL T. DAY,

Acting Governor of Florida :

SIR : In behalf of the court I am directed to submit the following opinion upon the question of law submitted in your communication of the 29th of February.

Section 2 of Article XI of the Constitution requires that the Legislature shall provide for raising revenue sufficient to defray the expenses of the State for each fiscal year, and also a sufficient sum to pay the principal and interest of the existing indebtedness of the State. Sec. 30 of the IVth Article provides that laws making appropriations for the salaries of public officers and other current expenses of the State *shall contain provisions on no other subject.* If any two subjects may be said to be cognate those embraced in these two sections would fall under that description, and yet the Constitution has expressly declared that laws making appropriations for salaries and current expenses shall contain provisions on no other subject. It would seem to follow from this that the spirit, if not the letter of the Constitution, renders the junction of a law making appropriations for salaries and other current expenses with any other subject obnoxious to the charge of a violation of its provisions. But if any doubt

could exist with regard to this, that doubt is relieved by a reference to the 14th section of the IVth Article which ordains that " each law of the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title." Here we have a general provision denouncing the union in one law of two distinct subjects, and limiting the exercise of legislative power in the enactment of a law to the subject expressed in the title. With regard to the subject of appropriations the provision is specific, thus showing beyond question the intention of the framers of the Constitution to be to confine a law making appropriations for salaries, &c., to this one subject. And they were not content to leave the matter where it was placed by the general provision above mentioned. Laws making appropriations for the purposes mentioned shall contain provisions on no other subject. This is explicit. In the enforcement or construction of such law, the court cannot regard a provision embracing any other subject, for to do this they would themselves be disregarding their duty and become parties to a violation of the Constitution. And it matters not whether the subject of appropriations be the one embraced in the title or not. In discharging their duty a court must give effect only to the subject of appropriations, if that be the one embraced in the title, or if it is not, then it cannot give it operation, for in either case its joinder with another subject would be a violation of the Constitution. It would not, however, result from this that a specific provision for the payment of expenses, necessary, proper, incidental, or growing out of a law itself, or which may be deemed needful in carrying it or its subject into execution, would not be valid, because such a provision, being matter properly connected with the subject of the law as expressed in the title, would not be prohibited by the Constitution. For instance, the provisions for the payment of the persons employed, and the expenses of all kinds incurred in the assessment and collection of the revenue, are

matters properly connected with such assessment and collection, and cannot be disconnected therefrom.   But as to appropriations of a general character, such as for salaries and current expenses, the Constitution has not left their connection with another subject discretionary.   It has plainly prohibited it.

With these views, we conclude that the 24th section of the act entitled "An act for the Assessment and Collection of Revenue," which seeks to pay interest upon the public debt and any other current expenses of the State, not being matter properly connected with the subject expressed in the title, is contrary to the provisions of the Constitution, and therefore void.

It does not, however, follow, that because the section referred to is void, the whole law is without effect.   On the contrary, the authorities affirm that the remainder of the law is as effective as if the obnoxious section had not been attached, and our own opinion coincides with this view.

JAMES D. WESTCOTT, JR.,<br>
<em>Associate Justice Supreme Court.</em>