(63 South. 874.)

No. 19,743.

REGAN v. TREMONT LUMBER CO.

(Dec. 15, 1913. Rehearing Denied Jan. 5, 1914.)

*(Syllabus by the Court.)*

CONSTITUTIONAL LAW (§§ 146, 206, 238, 275*)
—MASTER AND SERVANT (§ 69*)—DUE PRO-
CESS—IMPAIRMENT OF CONTRACTS—REDEMP-
TION OF PAY CHECKS.

Act No. 228 of 1908, providing that checks,
punch-outs, tickets, etc., issued to laborers and
employés for their services shall be redeemed in
current money, does not violate any provisions
of the Constitution of the United States. See
Knoxville Iron Co. v. Harbison, 183 U. S. 13,
22 Sup. Ct. 1, 46 L. Ed. 55.

[Ed. Note.—For other cases, see Constitution-
al Law, Cent. Dig. §§ 456, 457, 495, 625–648,
688–690, 695, 706–708, 830, 835, 839, 843–846;
Dec. Dig. §§ 146, 206, 238, 275;* Master and
Servant, Cent. Dig. §§ 78–81; Dec. Dig. § 69.*]

Appeal from Fourth Judicial District
Court, Parish of Lincoln; R. B. Dawkins,
Judge.

Action by Mrs. Nora Regan against the
Tremont Lumber Company. From judgment
for plaintiff, defendant appeals. Affirmed.

Stubbs, Russell & Theus, of Monroe, for
appellant. Cas Moss, of Winnfield, and S. D.
Pearce, of Ruston, for appellee.

LAND, J. The plaintiff obtained judg-
ment in the court below for the sum of
$2,026.80, with legal interest thereon from
date of judgment, and 10 per cent. attorneys'
fees, basing her demand upon her ownership
and possession of a large number of coupon
books issued by the defendant to laborers
and employés in lieu of money due them by
defendant for labor and services performed.

Plaintiff's suit is based on Act No. 228 of
1908, which reads as follows:

"Section 1. That any person, firm or corpora-
tion issuing checks, punch-outs, tickets, tokens,
or other devices, redeemable either wholly or
partially in goods or merchandise at their, or
any other place of business, shall, on demand of
any legal holder thereof, on the next pay day
of such persons, firm or corporation issuing
same, succeeding date of issuance of same, be
liable for the full face value thereof in current
money of the United States.

"Sec. 2. That any such checks, punch-outs,
tokens, or other device, issued by any person,
firm or corporation, shall be considered and
treated as payable to bearer, on demand, in
current money of the United States, notwith-
standing any contrary stipulation or provision
which may be therein contained.

"Sec. 3. That in case of failure of any per-
son, firm or corporation to pay any legal holder
of any such checks, punch-outs, tickets, tokens,
or other device, issued by them, the full face
value thereof, in current money of the United
States, when so demanded, such holder may im-
mediately bring suit thereon in any court of
competent jurisdiction, and, in addition to re-
covering the full face value thereof, with legal
interest from demand, may recover ten per cent.
of said amount as attorney's fees recoverable in
the same suit."

In the court below the defendant attacked
the constitutionality of Act No. 228 of 1908,
for the following reasons:

"(a) That said statute is in contravention of
the Bill of Rights guaranteed by the Declara-
tion of Independence of the United States,
which provides 'that all men are created equal,
that they are endowed by their Creator with
certain inalienable rights; that among these are
life, liberty and the pursuit of happiness.'

"(b) Said statute impairs the obligation of
contracts, in derogation of section 10 of article
1 of the Constitution of the United States.

"(c) Said law abridges privileges of citizens of
the United States, deprives persons of property
without due process of law, and denies to them
the equal protection of the law, in contraven-
tion of section 1 of the fourteenth amendment
of the Constitution of the United States."

As the questions raised are federal, it is
proper to consider the adjudications of the
Supreme Court of the United States on the
subject-matter.

In Knoxville Iron Co. v. Harbison, 183 U.
S. 13, 22 Sup. Ct. 1, 46 L. Ed. 55, the syllabus
reads as follows:

"The act of the Legislature of the state of
Tennessee * * * of 1899 (chapter 11, p. 17),
requiring the redemption in cash of store or-
ders or other evidences of indebtedness issued
by employés, * * * does not conflict with
any provisions of the Constitution of the United
States relating to contracts."

The provisions of the Tennessee statute
are, in substance, similar to the provisions
of Act No. 228 of 1908. The first section

of the former statute makes it the duty of employers to redeem coupons, scrip, orders, etc., as issued by them, in the hands of laborers, employés, and bona fide holders, in good and lawful money of the United States. The constitutionality of this statute was affirmed both by the court of last resort of the state of Tennessee, and also by the Supreme Court of the United States. The Knoxville Iron Company Case was cited with approval in McLean v. Arkansas, 211 U. S. 546, 29 Sup. Ct. 206, 53 L. Ed. 315, and in Mutual Loan Co. v. Martell, 222 U. S. 234, 32 Sup. Ct. 74, 56 L. Ed. 175, in both of which the question of the liberty of contract in respect to wages was considered.

We have read with pleasure and instruction the very able brief of defendant's counsel, but find therein no citation of a subsequent decision of the Supreme Court of the United States, overruling the Knoxville Iron Co. Case. We are constrained to follow that decision as the law of the land until it is reversed by the high court by which it was rendered. For this reason it is unnecessary to consider decisions of state tribunals on the same subject-matter, or even prior decisions of the Supreme Court of the United States. It is not likely, however, that any prior decision of that court was overruled, without mention, in the Knoxville Iron Company Case.

It is therefore ordered that the judgment below be affirmed.