PRAIRIE PEBBLE PHOSPHATE COMPANY, A CORPORATION, *Plaintiff in Error,* v. LOUIS SILVERMAN, TRADING AS S. ROSIN & COMPANY, *Defendant in Error.*

Opinion Filed October 14, 1920.

1. All contracts are subject to valid governmental regulations, and the organic law forbids a violation of the obligation of contracts that are lawful when made and that are not subject to the fair exercise of sovereign governmental power to conserve the general welfare.

2. Chapter 6914, Acts of 1915, as made applicable to the merchandise order given in payment for labor in this case, is not unconstitutional.

3. The provision of Chapter 6914, Acts of 1915, relating to attorney fees, is not covered by the title of the Act as required by Section 16, Article III of the Constitution, and is, therefore, not effective as law.

4. Where provisions contained in an act violate some requirement of the organic law, or are not a part of, or properly connected with, the subject expressed in the title of the act, and such part so unconstitutionally or so illegally embraced in the Act can be eliminated or disregarded without destroying the effectiveness of the Act for the purpose intended, the illegal part should be so eliminated or disregarded, and the valid portion held to be operative.

5. An elimination of the provision as to attorney fees does not affect the other portions of Chapter 6914, Acts of 1915.

6. A remittitur permitted as stated in the opinion.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Judgment affirmed if remittitur be entered; otherwise reversed.

*Olliphant & Olliphant* and *Wilson & Swearingen,* for Plaintiff in Error;

*Wilson & Boswell* and *John W. Burton,* for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a judgment obtained upon orders for the payment in merchandise of stated amounts due for labor, the action being brought pursuant to Chapter 6914, Acts of 1915. The act is as follows:

"AN ACT Making Any Person, Firm or Corporation Liable, on Demand, in Current Money of the United States, to Any Legal Holder Thereof, for the Full Face Value of Any Checks, Coupons, Punch-outs, Tickets, Tokens or Other Device Issued by Them in Payment for Labor, and Redeemable Either Wholly or Partially in Merchandise at Their or Any Other Place of Business, and Fixing the Time After Which Said Checks, Coupons, Punch-outs, Tickets, Tokens or other Device shall become Redeemable in Cash, and Providing for the enforcement of This Act.

*"Be It Enacted by the Legislature of the State of Florida:*

"Section 1. That any person, firm or corporation issuing checks, coupons, punch-outs, tickets, tokens or other device in payment for labor, redeemable either wholly or partially in goods or merchandise, at their or any other place of business, shall, on demand of any legal holder thereof, on or after the nineteenth day succeeding the day

of issuance, be liable for the full face value thereof in current money of the United States.

"Sec. 2. That any such checks, punch-outs, coupons, tickets, tokens or other device, issued by any person, firm or corporation in payment for labor shall be considered and treated as payable to bearer in current money of the United States,. notwithstanding any contrary stipulation or provision which may be therein contained.

"Sec. 3. That in case of failure of any person, firm or corporation to pay any legal holder of any such check, punch-out, ticket, coupon, token or other device issued by them in payment for labor, the full face value thereof in current money of the United States, on or after the nineteenth day succeeding the day of issuance, when so demanded, such holder may immediately bring suit thereon in any court of competent jurisdiction, and, in addition to recovering the full face value thereof, with legal interest from demand, may recover ten per cent. of said amount as attorney's fees in the same suit.

"Sec. 4. All laws and parts of laws in conflict herewith are hereby repealed.

"Sec. 5. This Act shall take effect immediately upon its passage and approval by the Governor.

"Approved June 5, 1915."

One of the orders, which is typical, is as follows:

"Merchandise Order.

No. 2230C $3.00

Mulberry, Fla., 8/14 1917.

H. A. Ford, deliver to Dewey Roberts, Three Dollars in merchandise and charge to our account.

Prairie Pebble Phosphate Company.

By C. E. Fitts, Timekeeper.

Endorsed.

This order was given to me in payment for labor.

Signed: Dewey Roberts."

Both the constitutionality and the applicability of the statute are contested, but no serious difficulty is found in applying the statute to the facts of this case, nor in determining the validity of the main features of the statute against the grounds asserted.

While statutes and all other governmental actions are subject to the limitations imposed by the Constitution, the organic right of "all men" to acquire, possess and protect property is not absolute and unlimited. As the Constitution does not define such rights they may be defined by statute. All property rights are subject to governmental regulation "for the protection, security and benefit of the citizens" in order to secure the "blessings" of "constitutional liberty," as expressed in the Constitution. Therefore, organic property rights relate to those that are recognized by the law, and such rights are subject to sovereign governmental regulation within the limitations prescribed by definite provisions of the Constitution. Likewise all contracts are subject to valid governmental regulations and the organic law forbids a violation of the obligation of contracts that are lawful when made and that are not subject to the fair exercise of sovereign governmental power to conserve the general welfare. Manigault v. Springs, 199 U. S. 473, 26 Sup. Ct. Rep. 127; Hudson County Water Co. v. McCarter, 209 U. S. 349, 28 Sup. Ct. Rep. 529; Louisville & N. R. Co. v. Mottley, 219 U. S. 467, 31 Sup. Ct. Rep. 265; Chicago, B. & Q. R. Co. v. McGuire, 219 U. S. 549, text 567, 31 Sup. Ct. Rep. 259; Atlantic Coast Line R. Co. v. City of Goldsboro, North Carolina, 232 U. S. 548, text 558, 34 Sup. Ct. Rep. 364; Union Dry Goods Co. v. Georgia Public Service

Corporation, 248 U. S. 372, 39 Sup. Ct. Rep. 117; 111 Atl. Rep. 209. The statute is not so arbitrary and oppressive as to violate organic property rights.

The statute here involved was enacted prior to the date of the orders, and the orders were issued subject to the valid provisions of all applicable statutes. State *ex rel.* Ellis v. Tampa Water Works Co., 56 Fla. 858, 47 South. Rep. 358; McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 South. Rep. 961.

But the provision for compulsory attorney fees is clearly not covered by the title of the Act as required by organic law. Art. III, Sec. 16, Const.; in re Advisory Opinion to Governor, 14 Fla. 285; Carr v. Thomas, 18 Fla. 736; Savannah, F. & W. Ry. Co. v. Geiger, 21 Fla. 669; State *ex rel.* Gonzales v. Palmes, 23 Fla. 620, 3 South. Rep. 171; State *ex rel.* Attorney General v. Burns, 38 Fla. 367, 21 South. Rep. 290; Wade v. Atlantic Lumber Co., 51 Fla. 628, 41 South. Rep. 72; ex parte Knight, 52 Fla. 144, 41 South. Rep. 786; Peters v. Gilchrist, 222 U. S. 483, 32 Sup. Ct. Rep. 122.

Where provisions contained in an Act violate some requirement of the organic law, or are not a part of, or properly connected with, the subject expressed in the title of the Act, and such part so unconstitutionally or so illegally embraced in the Act can be eliminated or disregarded without destroying the effectiveness of the Act for the purpose intended, the illegal part should be so eliminated or disregarded, and the valid portion held to be operative. Hayes v. Walker, 54 Fla. 163, 44 South. Rep. 747.

An elimination of the provision as to attorney fees does not affect the other portions of the Act. State *ex*

*rel.* Gonzalez v. Palmes,, *supra;* Harper v. Galloway, 58 Fla. 255, 51 South. Rep. 226; Board of Com'rs of Hillsborough County v. Savage, 63 Fla. 337, 58 South. Rep. 835; State *ex rel.* Clarkson v. Phillips, 70 Fla. 340, 70 South. Rep. 367; City of Tampa v. Salmonson, 35 Fla. 446, 17 South. Rep. 581; State *ex rel.* Ellis v. Tampa Water Works Co., 56 Fla. 858, 47 South. Rep. 358.

A separate amount awarded in the verdict as attorney fees and included in the judgment is manifest error. Therefore, the judgment of the court below will be affirmed in the event the plaintiff in the court below shall within fifteen days from the date when the mandate of this court in the case is filed in the court below, enter a remittitur of all sums allowed as attorney fees, such remittitur to be effective from the date of the rendition of the judgment in the court below, otherwise the said judgment will be reversed. The cost of the writ of error proceedings to this court are hereby adjudged against the defendant in error.

BROWNE, C. J., AND TAYLOR AND WEST, J. J., concur.

ELLIS, J., dissents.