JOHN PHILLIPS, *Plaintiff in Error*, v. THAD BELL, SHERIFF OF WALTON COUNTY, FLORIDA, *Defendant in Error*.

Opinion Filed August 16, 1922.

Section 1 of Chapter 7917, Acts of 1919, is not invalid on the ground that it is in conflict with the Thirteenth Amendment to the Federal Constitution and Acts of Congress thereunder; and even if Section 2 of the Act is inoperative because it conflicts with such superior Federal laws, Section 1 is not thereby affected, and as it does not appear that Section 2 was applied in securing a conviction of the petitioner under Section 1 of the Act, the petitioner is not entitled to be discharged on habeas corpus from custody under the conviction and the sentence of imprisonment thereunder. ;

A Writ of Error to the Circuit Court for Walton County; A. G. Campbell, Judge.

Judgment affirmed.

*Ira A. Hutchinson* and *Howard S. Bailey,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for Defendant in Error.

BROWNE, C. J.—John Phillips was convicted in the County Judge's Court of Okaloosa County on a complaint charging that he "did unlawfully, and with intent to injure and defraud Bullard-Sellars & Co., a partnership composed of A. F. Bullard, W. B. Sellars and H. K. Bullard make and enter into a contract with them to perform labor for them, and thereby obtain from the said Bullard-Sellars & Co., the sum of $175.00 as credit and advances, contrary to

the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The Act under consideration is as follows:

"AN ACT to Provide a Penalty to be imposed Upon Any Person in This State Who Shall, With Intent to Injure and Defraud, Obtain or Procure Money or Other Things of Value on a Contract or Promise to Perform Labor or Service and Prescribing a Rule of Evidence Governing Same.

"Section 1. Any person in this State who shall, with intent to injure and defraud, under and by reason of a con- tract or promise to perform labor or service, procure or obtain money or other thing of value as a credit, or as ad- vances, shall be guilty of a misdemeanor and upon convic- tion thereof shall be punished by a fine not exceeding Five Hundred ($500.00) Dollars, or by imprisonment not ex- ceeding six months.

"Sec. 2. In all prosecutions for a violation of the fore- going section the failure or refusal, without just cause, to perform such labor or service or to pay for the money or other thing of value so obtained or procured, shall be prima facie evidence of the intent to injure and defraud." Chap. 7917, Acts of 1919, Laws of Florida.

On writ of error from the judgment of the Circuit Court, remanding the prisoner on proceedings in *habeas corpus*, this Act is assailed, as in violation of the Thirteenth Amend- ment to the Constitution of the United States, under author- ity of Bailey v. State of Alabama, 219 U. S. 219, 31 Sup. Ct. Rep. 145.

In discussing that decision we will consider it in connec- tion with Bailey v. State of Alabama, 211 U. S. 452, 29 Sup.

Ct. Rep. 141, when the Alabama statute was first before the Supreme Court of the United States.

There are material differences between the Alabama statute as enacted in 1896, and the Florida statute. The former provided that any person who with intent to injure or defraud his employer entered into a written contract for service and thereby obtained from his employer money or other personal property, *and with like intent and without just cause, and without refunding the money or paying for the property,* refuse to perform the service, should be punished as if he had stolen it.'' (Italics are ours.)

The Florida statute makes it a crime for any person ''with intent to injure and defraud, under and by reason of a contract or promise to perform labor or service, procure or obtain money or other thing of value as a credit, or as advances.'' There is no provision in the Florida statute similar to the italicised portion of the Alabama statute.

The Bailey case reported in 211 U. S. 452, 29 Sup. Ct. Rep. 141, before the court on writ of error from the judgment of the Supreme Court of Alabama affirming a judgment of a judge of the Montgomery City Court denying a discharge on *habeas corpus* proceedings brought before the trial and conviction of the accused.

The question of whether the Alabama statute as a whole, was in violation of the constitution and laws of the United States was not decided, but the court said: ''All that appears from the record with regard to the foundation of the case against him is that the plaintiff in error is held on a charge of having obtained money under a written contract with intent to defraud. There is no doubt that such conduct may be made a crime.'' Bailey v. State of Alabama, *supra.* Subsequently, Bailey was tried and convicted,

and upon his conviction being affirmed by the Supreme Court of Alabama, writ of error was taken to the Supreme Court of the United States where the judgment was reversed.

The provisions of the Alabama statute considered by the court in deciding it to be unconstitutional, were: (1) the failure or refusal of the accused to perform the service, contracted, or to refund the money without just cause, and the amendment to the statute enacted in 1907, providing that the refusal or failure without just cause to perform the service, or to refund the money, shall be *prima facie* evidence of the intent to defraud.

Mr. Justice Hughes who delivered the opinion of the court, began the discussion of the case with these words: "We pass then to the consideration of the amendment, through the operation of which under the charge of the trial court this conviction was obtained." In the next paragraph he says: "But the refusal or failure to perform the service, without just cause, constitutes the breach of the contract."

There is nothing in the Florida statute, except in relation to the rule of evidence, about the refusal or failure to perform the service without just cause. The crime under the Florida statute is complete when one obtains money or other thing of value *with intent to injure and defraud,* under and by reason of a contract or promise to perform labor or service, and consequently what was said by Mr. Justice Hughes is not applicable to Section 1 of the Florida statute.

It is apparent that the decision is predicated upon the amendment making proof of failure to perform the service or liquidate the debt *prima facie* evidence of the guilt of the accused, considered "inconnection with the rule of evidence

in Alabama that the accused cannot testify in regard to uncommunicated motives.''

Section 2 of the Florida statute is of the same import as the amendment to the Alabama statute that received the condemnation of the Supreme Court of the United States. Both make ''the failure or refusal, without just cause, to perform such labor or service or to pay for the money or other thing of value so obtained or procured shall be prima facie evidence of the intent to injure and defraud.''

But there is in this State no rule of evidence that ''the accused, for the purpose of rebutting the statutory presumption, shall not be allowed to testify as to his uncommunicated motives, purpose or intention. Bailey v. State, 161 Ala. 77, 78.'' Bailey v. State of Alabama, 219 U. S. 219, 228, 236, 31 Sup. Ct. Rep. 145.

Even if Section 2 of the Florida Act is unconstitutional, which is not decided, the decision in this case is not affected thereby, as none of the testimony introduced in the County Judge's Court is brought here in a bill of exceptions, and there is nothing in the record to show that on the trial, the rule of evidence laid down in Section 2 was applied.

Neither is there anything in the record to show that the testimony on the trial did not clearly establish, independently of the *prima facie* rule, that the petitioner entered into the contract ''with intent to injure and defraud Bullard-Sellars & Co.,'' or that the prosecution relied on the statutory presumption, or that satisfactory proof of a fraudulent scheme was not adduced.

We pass now to the consideration of the effect of Section 2 on the constitutionality of the entire statute.

The rule is well established in this State that where a

part of an act is unconstitutional, it does not necessarily render the whole act void, if the legislative purpose as expressed in the valid portion can be accomplished independently of the unconstitutional portion, and considering the entire act it cannot be said that the legislature would not have passed the valid portion had it known that the invalid portion must fail. English v. State, 31 Fla. 340, 12 South. Rep. 689; State ex rel. Attorney General v. Dillon, 32 Fla. 545, 14 South. Rep. 383; City of Tampa v. Salomonson, 35 Fla. 446, 17 South. Rep. 581; State ex rel. Attorney General v. Green, 36 Fla. 154, 18 South. Rep. 334; Hayes v. Walker, 54 Fla. 163, 44 South. Rep. 747; Ex Parte Francis, 76 Fla. 304, 79 South. Rep. 753; Prairie Pebble Phosphate Co. v. Silverman. 80 Fla. 541, 86 South. Rep. 508.

We cannot say that the legislature would not have enacted this law without the provision that certain facts should be prima facie evidence of the intent to injure and defraud.

Chapter 3764 Acts of the legislature of 1887 to suppress gambling, as brought forward in the Revised General Statutes (Section 5503) contains a section making the finding in any house, room, booth, etc., of any implements, devices or apparatus commonly used in games of chance in gambling houses or in gambling, *prima facie* evidence that the house, room, booth, etc. where the same are found, is kept for the purpose of gambling.

If this section should be declared unconstitutional it would in no wise effect the rest of the act, for we could not say that but for this provision the legislature would not have enacted a law to suppress gambling.

In Section 5480, Revised General Statutes, 1920, we find a provision that "the issuance to, or possession of, by any

person, association of persons, or corporation in this State, of any license or stamp issued by the Collector of Internal Revenue of the United States for the manufacture or sale of alcoholic or intoxicating liquors or beverages, shall in any prosecution or other proceeding in any of the courts of this State for the violation of any of the provisions of Sections 5458, 5460, and 5461 of this article, be deemed and considered prima facie evidence of such violation.''

There is no more reason for saying that the legislature would not have enacted the law punishing obtaining money or property with intent to injure and defraud, without the section with regard to what would be *prima facie* evidence of its violation, than to say the same with regard to this and other laws that contain similar provisions.

With Section 2 eliminated, we have a law that makes it a crime for a person to obtain money under a written contract *''with intent to injure or defraud,''* and the Supreme Court of the United States has said ''there is no doubt that such conduct may be made a crime.'' Bailey v. State of Alabama, 211 U. S. 452, 29 Sup. Ct. Rep. 141.

We do not regard Sections 1 and 2 of Chapter 7917 as so interdependent, that one cannot be declared unconstitutional without destroying the other; nor that the legislature would not have enacted the law without the provision of Section 2, ''prescribing a rule of evidence.''

The conclusion we have reached is, that Section 1 of the Act is not in violation of the Thirteenth Amendment of the Constitution of the United States, nor in conflict with the laws of the United States; that it differs from the Alabama statute in important matters which precludes our applying the decision of the Supreme Court of the United States in the Bailey case in 219 U. S., to the provisions of Section 1

of the Florida statute; that if Section 2 is unconstitutional and void; (that) the two Sections are not so interdependent that one cannot be declared unconstitutional without destroying the other; that the record in this case does not show that the rule of evidence provided for in Section 2 was invoked on the trial of this cause and, *non constat*, the evidence on the trial was sufficient to establish beyond a reasonable doubt that the petitioner entered into the contract "with intent to injure and defraud Bullard-Sellars & Company."

The judgment is, therefore, affirmed.

TAYLOR, WHITFIELD AND ELLIS, J. J. concur

WEST, J. Concurs in affirmance.