HENDERSON-WAITS LUMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. W. F. CROFT, FOR THE USE OF THE FIRST NATIONAL BANK OF DEFUNIAK SPRINGS, FLORIDA, A CORPORATION, *Defendant in Error.*

## Division B.

## Opinion Filed February 18, 1925.

1. The statutes (Secs. 2522, 2523, 2524, Rev. Gen. Stats.) under which persons, firms or corporations issuing checks, coupons or other similar devices in payment for labor, redeemable wholly or partially in goods or merchandise, at their or any other place of business, are made liable on demand of any legal holder of such checks, coupons or tokens, on or after the ninetieth day succeeding the day of issuance, for the full cash value thereof in current money, notwithstanding any contrary stipulation contained therein, with legal interest from the time of demand, with an attorney fee of ten per cent of the amount thereof in case of suit to enforce collection of same, are valid and enforcible.

2. The question of whether the title of an Act is broad enough to cover certain provisions contained in it is of no moment when the statute containing such provision has been subsequently embodied in the Revised General Statutes.

3. The provision of the statute (Sec. 2524, Rev. Gen. Stats.) authorizing the recovery by plaintiff of an attorney fee of ten per cent of the amount when suit is brought by the legal holder thereof for the face value in current money of checks, coupons or other tokens issued in payment for labor, is not invalid.

A Writ of Error to the Circuit Court for Washington County; D. J. Jones, Judge.

Affirmed.

*C. R. Mathis, A. W. Weeks, W. H. Albritton* and *W. W. Flournoy,* for Plaintiff in Error;

*Carter & Carter,* for Defendant in Error.

WEST, J.—This action is by the alleged owner and holder to recover from the defendant issuing company the face value of certain coupons issued by it in the conduct of its business in payment for labor and service rendered by its employees. It is alleged that the coupons stipulate that they are redeemable by the issuing company in merchandise only; that the nominal plaintiff, who was a merchant, had received them in payment for merchandise sold by him to the laborers and employees to whom issued, and that after the expiration of ninety days from the issuance of said coupons they were presented to the issuing company for payment, but payment in money at their face value was refused. Thereupon suit was brought for the face value of the coupons, with interest from the date of demand, and attorney fees. The issues having been made, the cause was submitted upon an agreed statement of facts. The issuance of the coupons by defendant, delivery to its employees, and transfer to and ownership by plaintiff are not denied. There was a finding and judgment for plaintiff. Writ of error was taken from this court.

By statute persons or corporations issuing coupons or other similar devices in payment for labor are made liable, on demand of any legal holder thereof, "on or after the ninetieth day succeeding the day of issuance," for the full face value thereof in current money of the United States,

notwithstanding any contrary stipulation or provisions which may be therein contained, together with legal interest from demand and an attorney fee of ten per cent, where suit is required to enforce payment. Secs. 2522, 2523, 2524, Rev. Gen. Stats.

Discussion of the several questions presented in briefs and oral argument would amount to no more than a reiteration of principles settled in former cases in this and other jurisdictions, and no reason having been presented for a change of the views formerly entertained by this court holding this statute valid, it is not conceived that a journey over the same route would be profitable.

The judgment is therefore affirmed on authority of Prairie Pebble Phosphate Co. v. Silverman, 80 Fla. 541, 86 South. Rep. 508; Regan v. Tremont Lbr. Co., 134 La. 199, 63 South. Rep. 874; Harbison v. Knoxville Iron Co., 103 Tenn. 421, 53 South Rep. 955, 56 L. R. A. 316; Knoxville Iron Co. v. Harbison, 183 U. S. 13.

Since the holding that the title of the act was insufficient to include the provision authorizing recovery of an attorney fee, the statute including this provision has been incorporated in the Revised General Statutes of Florida.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

WHITFIELD, J., concurring.

The statute appears to contemplate that the "checks, coupons, punch-outs, tickets, tokens, or other device in payment for labor," may be acquired in a continuous course of dealing by the laborers or by others who are given the

same rights of action upon failure of payment as stated in the Act, and such a continuous course of dealing is indicated by the declaration in this case, therefore a lack of jurisdiction in the Circuit Court, which is a court of general jurisdiction, does not appear under the principles announced in Burkhart v. Gowin, 86 Fla. 376, 98 South. Rep. 140, and authorities cited.

The liberty of contract secured by organic law is not absolute. It is subject to a great variety of restraints by governmental authority in the interest of the general welfare. "But freedom of contract is, nevertheless, the general rule and restraint the exception; and the exercise of legislative authority to abrogate it can be justified only by the existence of exceptional circumstances." Adkins v. Children's Hospital of District of Columbia, 261 U. S. 525, text 546, 43 Sup. Ct. Rep. 394. Whether restriction or other regulation of the freedom of contract is justified as provided in particular enactments or as shown in particular cases, is to be determined by the courts upon judicial consideration of the particular facts and circumstances and the object designed; having in view the organic right and a full appreciation of the principle that the regulation must not be merely arbitrary and that the exceptional facts must warrant the particular regulation imposed to conserve right and justice. "Where the constitutional validity of a statute depends upon the existence of facts, courts must be cautious about reaching a conclusion respecting them contrary to that reached by the legislature; and if the question of what the facts establish be a fairly debatable one, it is not permissible for the judge to set up his opinion in respect of it against the opinion of the lawmaker." Radice v. People of the State of New York, 264 U. S. 292, text 294, Sup. Ct. Rep. See Wolff Packing Co. v. Court of Industrial Relations of State of Kansas, 262 U. S. 522, 43 Sup. Ct. Rep. 630.

It is stipulated in this case that the laborers "were to receive an agreed amount per diem to be paid in cash on the second and fourth Saturdays in each month," and that the coupon books redeemable only in merchandise were issued as a convenience and an accommodation.  Obviously the legislature deemed the laborer to be at some disadvantage under existing circumstances in taking the coupon books redeemable only in merchandise at the employer's store, the books to be used to conserve the laborer's current needs between pay days; and the legislation was designed to place the employer and the laborer on equal ground in paying and receiving wages.  The statute gives to the coupon books a value they would not otherwise have.  This is simple justice to the laborer, and is no injury to the employer who agreed to pay or is required to pay money for the labor.  The enactment is a reasonable and not a mere arbitrary provision of law.

The language of the statute indicates the unequal ground upon which employer and laborer stood, and the provisions enacted under the police power relieving this disparity in the standing of the parties are amply justified by the exceptional conditions affected by the statute.  See Prairie Pebble Phosphate Co. v. Silverman, 80 Fla. 541, 86 South. Rep. 508; Knoxville Iron Co. v. Harbison, 183 U. S. 13, 22 Sup. Ct. Rep. 1; Dayton Coal & Iron Co. v. Barton, 183 U. S. 23, 22 Sup. Ct. Rep. 5; Keokee Consol. Coke Co. v. Kelly, 234 U. S. 224, 34 Sup. Ct. Rep. 856; Harbison v. Knoxville Iron Co., 103 Tenn. 421, 53 S. W. Rep. 955, 56 L. R. A. 316, 76 Am. St. Rep. 682; Atkins v. Grey Eagle Coal Co., 76 W. Va. 27, 84 S. E. Rep. 906; Regan v. Tremont Lumber Co., 134 La. 109, 63 South. Rep. 874; Ascarace v. State of New Mexico, 245 U. S. 625, 38 Sup. Ct. Rep. 8; Union Sawmill Co. v. Felsenthal, 85 Ark. 346, 108 S. W. Rep. 217; Johnson, Lytle & Co. v. Spartan Mills, 68 S. C. 339, 47 S. E. Rep. 695; Peel Splint Coal Co. v. State,

36 W. Va. 802, 15 S. E. Rep. 1000, 17 L. R. A. 385; 16 R. C. L. 503; 8 Labatt on Master & Servant (2nd ed.) §2820.

The fact that the wages are payable every two weeks rather than once a month as in Knoxville Iron Co. v. Harbison, *supra,* does not destroy the efficacy of the facts to sustain the validity of the act. The laborer's necessities exist between semi-monthly pay days as well as between monthly pay days. Issuing the coupon booklets to laborers in advance of performance of the labor does not affect the validity or applicability of the statutory regulation.

The statute provides that coupons, &c., issued for labor shall be treated as payable to bearer, and the parties cannot by making and accepting coupon books marked "not transferable" defeat the policy, terms and purpose of a statute enacted under the police power. See National Union Fire Ins. Co. v. Wanberg, 260 U. S. 71, 43 Sup. Ct. Rep. 32; Whitfield v. Aetna Life Ins. Co., of Hartford, 205 U. S. 489, 27 Sup. Ct. Rep. 578; Montsdoca v. Highlands Bank & Trust Co., 85 Fla. 158, text 163, 95 South. Rep. 666.

The operation of the mandatory terms of a valid statute cannot be hindered by contracts or mutual conduct contrary to the statute. The policy and purpose of the statute are to regulate payments for labor when under the circumstances covered by the statute the parties are not upon an equal footing; and employers and employees cannot by any course of conduct or by any form of agreement express or implied, interfere with the operation of the statute upon the subject covered and intended to be regulated by the enactment.

Since the decision in Prairie Pebble Phosphate Co. v. Silverman, *supra,* the provision as to attorney fees has been re-enacted in the Revised General Statutes, 1920.

The question whether the title to an act when originally enacted was broad enough to cover some of its sections is

of no moment, when the sections of said act were subsequently embodied in the General Statutes. Carlton v. State, 63 Fla. 1, 58 South. Rep. 486; Secs. 2522 *et seq.* Rev. Gen. Stats. 1920; Christopher v. Mungen, 61 Fla. 513, text 532, 55 South. Rep. 273; Montsdoca v. Highlands Bank & Trust Co., *supra;* Central of Georgia Ry. Co. v. State, 104 Ga. 831, 31 S. E. Rep. 531; Kennedy v. Meara, 127 Ga. 68, 56 S. E. Rep. 243; Anderson v. Great Northern R. Co., 25 Idaho 433, 138 Pac. Rep. 127, Ann. Cas. 1916C 191; 25 R. C. L. 867; 36 Cyc. 1068; Park v. Laurens Cotton Mills, 75 S. C. 560, 56 S. E. Rep. 234.

As to the validity of the provision for attorney fees which is re-enacted in the Revised General Statutes, see Missouri, K. & T. R. Co. of Texas v. Harris, 234 U. S. 412, 34 Sup. Ct. Rep. 790; Missouri, K. & T. R. Co. of Texas v. Cade, 233 U. S. 642, 34 Sup. Ct. Rep. 678; Chicago & N. W. R. Co. v. Nye Schneider Fowler Co., 260 U. S. 35, 43 Sup. Ct. Rep. 55; 11 A. L. R. 884 Notes.

It does not clearly appear that the statutory allowance of attorney fees in ten per cent. of the amount recovered by suit in this class of cases, is so arbitrary and oppressive as to violate organic property rights under the rule stated in Chicago & N. W. R. Co. v. Nye, Schneider Fowler Co., *supra.*

TAYLOR, C. J., concurs.