STATE, *ex rel.* HARRY WILCOX, v. IRENE ARMSTRONG, etc., *et al.*

172 So. 861.
Opinion Filed February 23, 1937.
Rehearing Denied March 10, 1937.

*George M. Powell, W. B. Dickenson, Millard B. Conklin, D. Stuart Gillis, Louis Ossinsky* and *W. W. Judge,* for Relator;

*Leon J. C. Harton, H. B. Hodgden, H. E. Couchman* and *Davis & Davis,* for Respondents.

TERRELL, J.—The Legislature of 1933 enacted Chapter 16386, Laws of Florida, title as follows:

"AN ACT to Authorize, Regulate, and Control the Assessment and Levy of Taxes in the City of Daytona Beach, Volusia County, Florida, and Providing for the Regulation of the Budget of Said City, and Providing a Method of Giving the Freeholders of the City of Daytona Beach the Right to Amend the Budget by Petition and Election of the Freeholders, and Also Providing for a Referendum for the Ratification or Rejection of This Act, and for Other Purposes."

Section Six of said Act is as follows:

"That any governing power or officer of the City of Daytona Beach, Florida, that shall contract, expend, or permit to be paid out during said budget year, an amount in excess of the budget appropriation as provided for in this Act, except in an emergency caused by a dangerous public calamity or by an act of God, shall be subject to removal forthwith by the Governor of the State of Florida and a successor shall be appointed by the Governor of the State of Florida for such unexpired time."

Exercising the authority vested in him under the quoted section, the Governor on December 30, 1936, promulgated

an executive order removing from office respondent, Irene Armstrong, as Mayor-Commissioner and Commissioner at Large of the City of Daytona Beach, for malfeasance, misfeasance, neglect of duty, and incompetence, in that as such officer she permitted to be expended during the budget Year 1936 an amount in excess of the budget appropriation provided in said Act. The executive order removing respondent designated and appointed relator, Harry Wilcox, to fill out the unexpired term ending December 7, 1937.

Respondent refusing to comply with the terms of the order of removal, relator, Harry Wilcox, on the seventh day of January, A. D. 1937, filed in this Court his petition for writ of quo warranto charging that respondent was without authority of law holding and usurping the office of Mayor-Commissioner and Commissioner at Large of the City of Daytona Beach and that he, the said Harry Wilcox, by virtue of the executive order removing respondent and appointing him thereto is justly and legally entitled to hold said office. Information in quo warranto was granted.

January 12, 1937, respondent filed her demurrer to the information, challenging the power of the Governor to remove her under Section Six of Chapter 16386, Laws of Florida, on the ground that Section Six was, in view of Section Sixteen of Article Three of the Constitution of Florida, null and void.

On the same date respondent filed her demurrer she also interposed an answer to the information in which she set up the circumstances that led to and the authority for her election as Mayor-Commissioner and Commissioner at Large of the City of Daytona Beach and her authority as such. The answer also denied *in toto* the charges lodged against her and for which she was attempted to be removed, it asserted that she was without authority to contract for

expenditures beyond the budget appropriation, that her authority as Mayor-Commissioner was limited by Section 36 of Chapter 10466, Laws of Florida, that she had complied with the provisions of said Act, that she had not been notified of any charges against her, nor was she given an opportunity to be heard in her defense prior to her removal.

On the sixth day of January, A. D. 1937, the Governor promulgated an executive order revoking, annulling, and declaring null and void, the executive order of December 30, 1936, removing the respondent from the office of Mayor-Commissioner and Commissioner at Large of the City of Daytona Beach and appointing relator as her successor thereto. The said executive order divested relator of all power and authority as Mayor-Commissioner, declared the executive order appointing him as such to be void *ab initio,* and reappointed and reinstated respondent as Commissioner at Large and Mayor-Commissioner of the City of Daytona Beach. There was a change in the occupant of the Governor's office between the time the first and second executive orders of removal were promulgated by different Governors, but that fact is not material.

The cause is before us for disposition on the issue made by the demurrer and return to the information. There are several theories on which the case could be disposed of, but all lead to the same conclusion. We will not attempt to treat all the questions raised which have been very ably presented on both sides. Our view is that Section Six of Chapter 16386, Acts of 1933, under which the Governor promulgated both executive orders, must fall under Section Sixteen of Article Three of the Constitution so we limit our discussion to that question.

Section Sixteen of Article Three of the Constitution provides that every law enacted by the Legislature shall em-

brace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title.

This Court has repeatedly held that the subject matter of an Act may be as brief and restrictive in the title as the Legislature may see fit to make it, provided the several matters expressed therein are germane to each other, and are properly connected, but it is required that the subject matter of the title must be such as to put the world on notice as to the contents of the Act.

We have also held that the vice of constitutional invalidity must inhere in the very terms of the title or body of the Act. If this cannot be made to appear from argument deduced from its terms or from matters of which the Court can take judicial knowledge, we will not go beyond the face of the Act to seek grounds for holding it invalid.

In Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320, a case involving the sufficiency of the title to Chapter 14677, Acts of 1931, we said:

"One challenging the constitutional validity of an Act of the Legislature is confronted with these canons of statutory construction: (1) On its face every Act of the Legislature is presumed to be constitutional; (2) Every doubt as to its constitutionality must be resolved in its favor; (3) If the Act admits of two interpretations, one of which would lead to its constitutionality and the other to its unconstitutionality, the former rather than the latter must be adopted; (4) The constitutionality of a statute should be determined by its practical operation and effect; (5) In determining its constitutional validity, courts should be guided by its substance, and manner of operation rather than the form in which the Act is cast; and (6) After indulging all presumptions in favor of the Act, if it is found to be in positive conflict with

some provision of organic law, it becomes the duty of the court to strike it down."

The import of the title to Chapter 16386, Acts of 1933, is to regulate the making of an annual budget for the City of Daytona Beach, to provide a method for its amendment and adoption by the freeholders, and to provide for a tax levy and assessment to pay for expenditures under it.

Section Six imposes authority in the Governor to remove "any governing power or officer of the city" that "shall contract, expend, or permit to be paid out during said budget year an amount in excess of the budget appropriation as provided for in this Act except in an emergency caused by a dangerous public calamity or by an act of God."

Section Six, in other words, provides a new and different method for removing officers in the City of Daytona Beach and for the appointment of their successors. There is nothing in the title to put the world on notice of such provision in the body of the Act and there is no natural and logical connection between the subject matter and main purpose of the Act and that part of Section Six providing for the removal of certain officers of the City and the appointment of their successors.

After indulging every canon of construction in favor of its validity, it appears that the matter of appointing and removing municipal officers is new and different subject matter from that of regulating and making an annual budget and should not, in the face of Section Sixteen of Article Three, be embraced in the same Act without notice thereof in the title.

That part of Section Six under which respondent was removed and relator was named as her successor is consequently offensive to Section Sixteen of Article Three of the Constitution and is invalid. Executive Communication

of February 29, 1872, Relative to the Constitutionality of Section 24 of the Revenue Act, 14 Fla. 285; Volusia County v. State, 98 Fla. 1166, 125 So. 375; Colonial Investment Co. v. Nolan, 100 Fla. 1349, 131 So. 178.

It follows that the demurrer to the information in quo warranto must be and is hereby sustained.

It is so ordered.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD, and DAVIS, J. J., concur.