STATE *ex rel.* C. MELTON v. THE BOARD OF PUBLIC INSTRUCTION, DADE COUNTY, and HENRY H. FILER, as Chairman, and W. H. COMBS, SR., and NELL K. WALKER, as Members of and as Constituting the BOARD OF PUBLIC INSTRUCTION FOR DADE COUNTY; and CHARLES M. FISHER, as Secretary and Superintendent of Public Instruction of DADE COUNTY, and ROLAND R. SWEET, as Chief Clerk of the Board of Public Instruction of Dade County.

191 So. 27
Division B
Opinion Filed September 12, 1939

32

*B. K. Roberts, H. H. Wells* and *W. K. Whitfield,* for Relator.

*Peiers & Kemp, Bart A. Riley, Worley & Gautier,* for Respondents.

PER CURIAM.—This case involves an alternative writ of mandamus directed to the Board of Public Instruction of Dade County, to Henry H. Filer, as chairman, W. H. Combs, Sr., and Nell K. Walker, members, to the superintendent of public instruction and secretary of said board, and to the chief clerk of said board. The writ recites that Special Tax School District No. 3 has been created, that the Board of Public Instruction of Dade County has supervision and control over the financial affairs of the public schools of Dade County, and each special tax school district therein; that said special tax school district under authority of the

laws of Florida did issue 837 $1,000 bonds on May 1, 1926, of which bonds relator is bearer of and owns two. The writ further recited the refusal of the board of public instruction to pay relator the face of his bonds, plus accrued interest, though the maturity date has long since passed, and though the said board has in its possession from taxes levied and collected on the property in the special tax school district ample funds with which to pay relator.

This court issued said alternative writ of mandamus on January 3, 1935, commanding respondents to redeem the bonds of relator or in the alternative to show cause why this should not be done.

Respondents filed a demurrer, a motion to quash, and a motion to dismiss said alternative writ, raising questions as to the sufficiency and legality of the writ. Permission was granted relators to amend the writ to which amended writ a demurrer and a motion to quash were filed. The only material question raised by the motions is: Is an alternative writ of mandamus commanding the payment of the bonds of a special tax school district of Dade County good against demurrer and motion to quash when the recitals of the alternative writ do not show that any funds for the payment of the bonds in question have been fixed, determined or appropriated by the budget commission for said county?

Chapter 15934 of the Acts of 1935, created a budget commission requiring, *inter alia,* the board of public instruction to file their proposed budget of expenses and the amount of taxes to be levied necessary to meet their expenses with the budget commission for its approval. After approval by the commission, the budget for the board of public instruction became fixed and no expenditures not authorized by the budget could be made by the board.

There is no recital that such a budget was filed with or approved by the budget commission.

The bonds issued by the board of public instruction for Special Tax School District No. 3 were issued under authority of Article 6, Chapter 1, Title V, first division, R. G. S. 1920 (Séctions 560-600). The full faith and credit and taxing power of the district were pledged to the payment of these bonds. There was no mention made of the necessity of an approval by a budget commission of a proposed plan of payment before actual payment could be made, or taxes levied for that purpose.

Could the Legislature, seven years later, enact a law setting up a condition precedent to the payment of those bonds? It is true that they could enact measures for the orderly conduct and administration of the powers and duties of the board, and it is also true that all contracts are subject to lawful governmental regulation. Prairie Pebble Phosphate Co. v. Silverman, 80 Fla. 541, 86 So. 508. However, to require certain additional things to be done by the board as conditions precedent to payment is violative of the seventeenth section of the Declaration of Rights of the Constitution of Florida, and of Article I, Section 10, of the Constitution of the United States.

In the case of Poindexter v. Greenhow, 11.. U. S. 270, 29 L. Ed. 185, the State of Virginia issued bonds, with coupons attached. A statute was enacted allowing taxes to be paid with matured interest coupons just as though they were gold or silver. Poindexter tendered matured coupons in payment of taxes to the treasurer of the City of Richmond, who refused them and levied on and attached Poindexter's personal property. The United States Supreme Court held the statute a contract between Poindexter and the State and allowed him to recover his personal property, any subsequent

statute to the contrary notwithstanding, inasmuch as Poindexter had a vested right and a contract which could not be impaired.

As was said by Mr. Chief Justice MARSHALL in Fletcher v. Peck; 6 Cranch. 87, 3 L. Ed. 162:

"When, then, a law is in its nature a contract, when absolute rights have vested under that contract, a repeal of the law cannot divest those rights; and the act of annulling them, if legitimate, is rendered so by a power applicable to the case of every individual in the community. It may well be doubted whether the nature of society and of government does not prescribe some limits to the legislative power; and, if any be prescribed, where are they to be found if the property of an individual, fairly and honestly acquired, may be seized without compensation? To the Legislature all legislative power is granted; but the question, whether the act of transferring the property of an individual to the public be in the nature of legislative power, is well worthy of serious reflection."

And we may well add the impressive and weighty words of the same illustrious man, when he said in Marbury v. Madison, 1 Cranch. 137, 2 L. Ed. 60:

"The Government of the United States has been emphatically termed a government of laws and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of a vested legal right."

There are numerous Florida cases in point here, among which are the following: Columbia County Commissioners v. King, 13 Fla. 451; Prairie Pebble Phosphate Co. v. Silverman, *supra;* State *ex rel.* Women's Benefit Association v. Port of Palm Beach District, 121 Fla. 746, 164 So.

36

851·; State *ex rel.* Sovereign Camp, W. O. W., v. Boring, 121 Fla. 781, 164 So. 859.

The alternative writ is not faulty for failure to recite compliance with the budget commission law, and the motion to quash and the demurrer will be, and are, overruled.

It is so ordered.

·TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

Justices BROWN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.