**H. T. WILLIAMS, as Sheriff of Brevard County, Florida, v. EMANUEL POLLOCK.**

14 So. (2nd) 700                                        June Term, 1943
July 24, 1943                                                En Banc

*J. Tom Watson*, Attorney General, and *Woodrow M. Melvin*, Assistant Attorney General, for appellant.

*Maguire, Voorhis & Wells, R. F. Maguire* and *W. H. Poe*, for appellee.

THOMAS, J.:

The appellee pleaded guilty of violating Section 817.09 Florida Statutes, 1941, and was held under a commitment when discharged upon a writ of habeas corpus by the circuit judge who had the conviction that the Act offended the Constitution of the United States, presumably the Thirteenth Amendment prohibiting involuntary servitude. The Act denounces as a misdemeanant "any person . . . who . . . , with intent to injure and defraud, under and by reason of a contract or promise to perform labor or service [procures] . . . money or other thing of value as a credit, or as advances. . . ."

Better to present our observations on the matter involved we will give also the substance of a related statute, Section 817.10 Florida Statutes, 1941, declaring that the "failure or refusal, without just cause, to perform such labor or service or to pay for the money or other thing of value so obtained . . . shall be prima facie evidence of the intent to injure and defraud."

The former was Section 1, the latter Section 2, of Chapter 7917, Laws of Florida, Acts of 1919.

This is not the first challenge of the Act which has appeared in this Court. The identical matter was considered in Phillips v. Bell, 84 Fla. 225, 94 So. 699, where the court concluded that the portion of the law defining the crime was harmonious with the Thirteenth Amendment and observed, without deciding the point, that if the part referring to the prima facie character of certain evidence should be pronounced unconstitutional the ruling would not affect the remainder. The discussion was largely devoted to the applicability of the decisions of the Supreme Court of the United States in Bailey v. State of Alabama, 211 U.S. 452, 29 Sup. Ct. Rep. 141, 53 L. Ed. 278, and in another case of the same title reported in 219 U. S. 219, 31 Sup. Ct. Rep. 145, 55 L. Ed. 191, to the proposition under study.

We are inclined to adhere to our former decision, but we recognize our duty to defer to the decisions of the Supreme Court of the United States where the interpretation of the federal Constitution is involved. Bearing in mind this obligation we will examine, in their order, the first and second cases of Bailey v. Alabama and Phillips v. Bell, *supra,* then determine the effect upon them of a recent opinion of the Supreme Court of the United States, Ira Taylor v. State of Georgia, *infra.*

In the first there was entertained a petition for habeas corpus in which the constitutionality of a law making it an offense "to enter into a contract . . . for service with intent to . . . defraud the employer, and, after thereby obtaining money . . . from such employer, . . . and without refunding the money or paying for the property, to refuse to perform the service." An amendment made the "refusal or failure [to perform] without just cause prima facie evidence of the intent." The court considered these two features, one denouncing a fraudulent act and one providing a method of proof, together with a rule in Alabama preventing a person from testifying as to his motive. No testimony had been taken in the case and the question was the unconstitutionality of the act and the amendment on their face without regard

to the practical application of the amendment and the local rule dealing with proof. This is apparent from the comment of the court: "When the case comes to trial it may be that the prosecution will not rely upon the statutory presumption, but will exhibit satisfactory proof of a fraudulent scheme, so that the validity of the addition to the statute will not come into question at all."

We think it very significant that the court remarked upon the lack of doubt that offense defined could be made a crime. Gist of the decision, as we understand it was, summarizing, that the part of the law describing the crime and the one providing for the presumption were not interdependent and that if, in the prosecution, the state did not resort to the latter the validity of the former would be unaffected.

The petitioner was remanded, tried and found guilty. The Supreme Court of Alabama affirmed the judgment and again the Supreme Court of the United States reviewed the case. It then appeared that the conviction of the defendant was obtained because of the operation of the amendment providing that refusal of the employee to perform was prima facie evidence of intent to defraud the employer. In their analysis the court stressed the possibility of conviction for crime simply because of a breach of contract and failure to discharge a debt. By such flimsy testimony could the presumption of innocence be overcome. This was particularly true in view of the rule preventing a defendant from swearing that he intended no fraud.

It was the gist of the opinion that the statute designed to punish fraud became an instrument to compel service when the provision for prima facie evidence of guilt was brought into play, especially, as will be seen when we discuss Taylor v. Georgia, *infra,* when the defendant was prohibited from testifying about his purpose or intention. The court concluded that the Alabama law "in so far as it makes the refusal or failure to perform the act or service, without refunding the money or paying for the property prima facie evidence of the commission received [sic] of the crime which the section defines, is in conflict with the 13th Amendment, . . . and is therefore invalid."

From a perusal of both opinions the deduction is inevitable that the law denouncing the crime was not held in conflict with the Constitution until made so by invoking in a given case the rule with reference to prima facie evidence and that, standing alone, it was not invalid.

We reach now, in its turn, our decision in Phillips v. Bell, *supra,* where the chief justice expressed the opinion, concurred in by the other members of the court, that the section of the Florida Statutes defining the offenses was not inharmonious with the Constitution of the United States. One feature of that controversy was common to the first Bailey case, no testimony appeared in the record and so there was no need to determine whether the second section, with regard to prima facie evidence, was invalid or whether the first could be invalidated by it. Incidentally, that characteristic is present in the instant case for, as we stated at the outset, the plea was guilty, hence no evidence was taken.

This Court drew attention to certain "material differences" betwen the first portions of the Alabama and Florida Statutes defining the crime and to the similarity of the parts establishing the prima facie evidence rule, but the rationale of the case and of both decisions of the United States Supreme Court to which we have alluded was, we believe, the declaration of the validity of the first section of the Act when not infected by employment of the second.

The question now is the effect upon these decisions of the one rendered by the Supreme Court of the United States in, Ira Taylor v. State of Georgia, 315 U. S. 25, 62 Sup. Ct. Rep. 415, 86 Law Ed. 615. Mr. Justice BYRNES by way of introduction stated that the "Appellant was indicted . . . for violation of [sections] 7408 and 7409, of Title 26 of the Georgia Code." Although the former defined as crime contracting to perform services "with intent to procure money . . . and not to perform . . . to the loss and damage of the hirer; or after having so contracted, . . . [procuring] from the hirer money, . . . with intent not to perform such service, . . ." the latter provided that "Satisfactory proof of the contract," the procurement of the money, the failure to perform or failure to return the money and loss or damage to the hirer,

should be "deemed presumptive evidence of the intent referred to in the preceding section."

Clearly he could not have been indicted for violation of the latter section and while we do not wish to appear hypercritical we draw attention to the phraseology because of the frequent use of the plural in the opinion. It is stated that appellant asserted by way of demurrer to the indictment that Sections 7408 and 7409 "were repugnant . . . to the Thirteenth Amendment." After trial upon the evidence had resulted in a conviction a new trial was sought upon this ground and others.

The court held that "There [was] no material distinction between the Georgia statutes challenged [there] and the Alabama statute which was held to violate the Thirteenth Amendment in Bailey v. Alabama, . . ." (the second case.) The court disposed of the argument—it was the same as the one presented in the second Bailey case—that one section dealt with punishment of fraud and the other a rule of evidence, by announcing that the latter "actually . . . embodies a substantive prohibition which squarely contravenes the Thirteenth Amendment . . . ." The conclusion was "that sections of the Georgia Code upon which this conviction rests are repugnant to the Thirteenth Amendment . . . ." It will be noted that there is no qualification such as appeared in the latter Bailey case where, to repeat, the Alabama Statute was declared invalid "so far as it [made] . . . failure to perform . . . without refunding the money . . . prima facie evidence" of guilt. (Italics supplied by us.)

In view of the unqualified declaration that both were unconstitutional our first impression was that we should recede from the construction we had announced in Phillips v. Bell, supra. This was emphasized because of the resemblance of the Georgia statute to ours and the finding that no essential distinction existed between the former and the law of Alabama. Thus the axiom "two things equal to the same thing are equal to each other" seemed not inappropriate and the Florida Act would fall with that of Georgia, despite our view in Phillips v. Bell that "there [were] material differences between the Alabama statutes . . . and the Florida statute."

Upon reflection it seems, however, that it was not the aim

of the court to revise in the Taylor decision what had been announced in the second Bailey case.

Plainly, in both, testimony had been introduced to establish those elements necessary to raise the presumption under the statute and it was especially found that without the aid of it conviction could not have resulted. It is manifest, too, as in the later Bailey case, that the court was called upon to construe together the two sections and to determine the effect of one upon the other and of both upon the rights of the appellant. In these circumstances we are not convinced that the Supreme Court of the United States intended to declare both sections unconstitutional regardless of any state of facts that might be presented. In our zeal to follow the decisions of that high tribunal we cannot but believe that the decision in the Taylor case was confined to a situation there present. The section anent presumptive evidence had been relied upon to secure a conviction so the court again had for determination the question of the constitutionality of the first section when the second was brought into play. Not being faced with that problem here we conclude that the first Bailey decision and ours in Phillips v. Bell are in accord and that they in turn are not in conflict with the rulings in the second Bailey case and Taylor v. State of Georgia, *supra*.

Reversed.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN, ADAMS and SEBRING, JJ., concur.