## STATE v. ROBINSON.

Circuit Court, Dade County, Criminal Appeal.

August 25, 1953.

Robert H. Slatko and Julian R. Benjamin, both of Miami, for appellant.

George A. Brautigam, State Attorney, George L. Hollahan, Jr., Assistant State Attorney, Robert R. Taylor, County Solicitor, and John H. Connelly, Assistant County Solicitor, all of Miami, for the State.

VINCENT C. GIBLIN, Circuit Judge.

The appellant (the defendant below) was informed against, prosecuted and convicted for an alleged violation of section 796.07 of the Florida Statutes, 1951.

The appellant challenges the constitutionality of the statute, contending that the title to chapter 21664 of the Laws of Florida, General Acts of 1943, was violative of section 16 of article 3 of the state constitution.

The provisions of chapter 21664 were incorporated in the revision, consolidation and compilation of the public statutes of a general and permanent nature (known and cited as the Florida Statutes, 1951) adopted and enacted by the legislature as the only official statute law of the state.

The effect of such legislative adoption and enactment was to cure defects in the title of statutes previously enacted the provisions of which were included in the codification. See Christoper v. Mungen (Fla.), 55 So. 273; Carlton v. State (Fla.), 58 So. 486; Henderson-Waits Lbr. Co. v. Croft (Fla.), 103 So. 414; and McConville v. Ft. Pierce Bank & Trust Co. (Fla.), 135 So. 392.

It is obvious, therefore, that, even if the title to chapter 21664 was defective and subject, before codification, to the attack now made, the defect, if any, has been cured.

The statute makes it unlawful to solicit another to commit or engage in prostitution with the solicitor; and prostitution, as defined in the statute, includes "the giving or receiving of the body for licentious sexual intercourse, without hire."

Counsel for the appellant argues that prostitution is sexual intercourse with more than one man. The argument, however, is untenable in view of the language of the governing statute.

The appellant was charged with having unlawfully solicited a young girl (fourteen years of age) to commit prostitution with himself.

The uncontradicted and unimpeached testimony of the prosecutrix and of two police officers (both of whom saw the appellant's approach to the girl, but did not hear his solicitation) warranted the trial judge's finding of guilt. The appellant offered no testimony.

The judgment is affirmed.