### State of Arkansas v. McGinnis.

1.  Peddlers:   *Act defining and imposing license on, unconstitutional.*
    The Statute (*Gantt's Dig. Sec. 4376, et sequitur*) defining peddlers and imposing license on them, discriminates in favor of the products and manufactures of this State, and against those of other States, and is therefore unconstitutional and void.

APPEAL from *Nevada* Circuit Court.

Hon. DAN W. JONES, Special Judge.

*C. B. Moore, Attorney-General,* for the appellant:

*Montgomery & Hamby,* for appellee.

*Sections* 1494, 5050, 5054, and 4377, *Gantt's Digest,* are each repugnant to the second clause of *Sec.* 8. *Art.* 1, *Con. U. S.,* and void. *County of Mobile* v. *Kimbal,* 102 *U. S.* 691; *Welton* v. *State of Mo.,* 91 *U. S.,* 275; *Webber* v. *Virginia, Ms., U.S. October Term,* 1880.

ENGLISH, C. J. On the twenty-fourth of January, 1881, Thomas McGinnis was charged and convicted before a Justice of the Peace of Nevada county, " with the offense of going from place to place peddling and selling goods, wares and merchandize, other than the growth, produce, or manufacture of this State, in said county," etc.; fined $200, and appealed to the Circuit Court.

In the Circuit Court a demurrer was interposed to the charge, which the court sustained, discharged defendant, and the State appealed.

The Statute provides that:

" Whoever shall deal in selling of goods, wares or merchandize, other than the growth, produce or manufacture of this State, by going from place to place, either by land or water, to sell the same, is declared to be a peddler." *Gantt's Dig., Sec.* 4376, *etc.*

Other sections require peddlers to obtain license, and prescribe the penalty for selling without, etc. *Ib., Secs.* 4577, 4385, 5050-1, 1494; *Miller's Dig., pp.* 4, 5.

There is no subsequent act defining a peddler, and no act requiring peddlers of goods, wares or merchandize, which

are the growth, produce or manufacture of this State, to obtain license.

The above act clearly discriminates against the products and manufacture of other States, and in favor of the products and manufactures of this State. In *Welton* v. *State*, 1 *Otto*, 275, just such an act of Missouri, was held by the Supreme Court of the United States to be in conflict with the commerce clause of the Constitution of the United States, and therefore null and void. See also *State* v. *Kate Marsh*, *ante*.

If the Legislature deems it expedient to require peddlers to obtain license, and to punish them for peddling without license, no discrimination must be made against goods, etc., of the growth, produce or manufacture of other States, etc.

Affirmed.