The State of Florida v. Patterson—Syllabus.

_____

THE STATE OF FLORIDA, PLAINTIFF IN ERROR, v. ANDREW PATTERSON, DEFENDANT IN ERROR.

CONSTITUTIONAL LAW—FOURTEENTH AMENDMENT TO FEDERAL CONSTITUTION—DISCRIMINATION BETWEEN RACES IN STREET CAR ACCOMMODATIONS.

1. An act, requiring street car companies to provide separate compartments in their cars for the Caucassian and African races, and that, under penalties, prohibits persons of either of said races from occupying the compartment of a car set apart for the other race, but with the proviso: "That the provisions of this act shall not apply to colored nurses having the care of white children or sick white persons," violates Section 1 of the Fourteenth Amendment to the Federal Constitution and is void.

2.   The settled rule of statutory construction is that if the ob-
noxious section or part is of such import that the other
sections or parts without it would cause results not con-
templated or desired by the legislature, then the   entire
statute must be held inoperative.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Duval County.

### STATEMENT.

The Florida Legislature, at its session of 1905, enacted
the following statute:

### "(Chapter 5420.)

An Act to Require Street Car Companies in this State
to Furnish Separate Cars or Divisions in Cars or other
Provisions for the Separation of White and Colored Pas-
sengers; to Require said  Companies to  keep  Separate
White and Colored  Passengers; to give Conductors  and
Employees of said Companies Police Powers, and to Pro-
vide Penalty for the Violation of this Act.

Be it enacted by the Legislature of the State of Florida:

Section 1.    That all street car companies, persons, asso-
ciations   of   persons,   firms  or   corporations   operating
street car lines in this State shall furnish   separate   ac-
commodations for white and colored passengers.

Section 2.    That every street car company or person
operating a street car line in this State shall make   pro-
vision, rules and regulations for the separation of white
passengers from negro passengers by separate  cars,  or
fixed divisions, or movable screens, or other method of di-
vision in the cars of such lines.    A failure or refusal by

such company or person to make such provision, rules and regulations shall be a misdemeanor, and upon conviction thereof it or he shall be punished by a fine not to exceed fifty ($50.00) dollars for each offense. Each day of such failure or refusal after July 1st, 1905, shall constitute a separate offense.

Section 3. That when any street car is divided into divisions, the divisions set apart or provided for white and colored passengers, respectively, may be in space proportioned according to usual and ordinary volume of travel by white and colored passengers on the line on which the car is used.

Section 4. That conductors or other employes in charge of such cars shall assign passengers to their respective car or division, provided by said companies under the provisions of this act, and such persons in charge of such cars are hereby invested with police powers to carry the provisions of this act into effect.

Section 5. That any passenger wilfully occupying any car or division of car other than that to which he has been assigned, shall be guilty of a misdemeanor, and be punished by a fine not to exceed twenty-five ($25.00) dollars or by imprisonment not to exceed thirty days. Conductors and all other employes in charge of such cars or divisions of cars are hereby clothed with the power to eject from the car or cars any passenger who refuses to occupy such car or division to which he may be assigned.

Section 6. If any employe having charge of any such car shall permit white and colored passengers to occupy the same car. in case separate cars be provided or division in case separate cars be not provided he shall be guilty of a misdemeanor and punishable by a fine of not

9 S. C.

exceeding fifty dollars or imprisonment of not exceeding thirty days or both in the discretion of the court.

Section 7. That the provisions of this act shall not apply to colored nurses having the care of white children or sick white persons.

Section 8. That nothing in this act shall be construed to prevent the running of extra, or special cars for the exclusive accommodation of either white or colored passengers, if the regular cars are operated as usual, as required by this act.

Section 9. That all laws or parts of laws in conflict with this act are hereby repealed.

Section 10. That this act shall take effect on the first day of July, 1905.

Approved May 19th, 1905."

Under this law the defendant in error was arrested by the Sheriff of Duval county and held in custody on a warrant and charge of refusing to ride in that portion of a street car designated and assigned to colored people, and in attempting to ride in that portion of said car assigned to white people. Upon being arrested and detained in custody the defendant filed his petition in the Circuit Court for Duval county for a writ of *habeas corpus* in which he alleged that he was unlawfully deprived of his liberty and unlawfully held in custody upon said charge of violating said law. That said law is unconstitutional and void for the following reasons: 1st. Section two (2) of said act is vague and uncertain.

2nd. Said act is in violation of the Fourteenth Amendment of the Constitution of the United States of America, in that it denies to a certain class of colored citizens an equal protection of the law.

3rd. Because section seven (7) of the act not only gives to a certain portion of colored people, to-wit: colored nurses having the care of white children, and colored servants in charge of sick white people, rights and immunities denied to other colored people, contrary to the Fourteenth Amendment of the Constitution of the United States of America, but also renders said law special and not general, contrary to section 20 of Article III of the Constitution of the State of Florida.

4th. Said law is in violation of section one of the Fourteenth Amendment of the Constitution of the United State of America, which denies any State the right to pass any law abridging the rights and privileges of citizens of the United States of America.

5th. Said law is a denial to petitioner due process of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

6th. Said law gives to one class of citizens, to-wit: white citizens certain rights, privileges and immunities not granted thereby to colored citizens.

7th. That the law undertakes to create officers not known to the Constitution of the State of Florida, and empowers street railway companies to make the appointment of same, and not requiring said officers to take an oath for the faithful performance of duty as required by law.

Writ of *habeas corpus* was granted, and the Sheriff made return thereto to the effect that he held the petitioner under and by virtue of a commitment issued by a Justice of the Peace for said county.

At the hearing before the Circuit Judge of the *habeas corpus* the petitioner was discharged from further cus-

tody, and writ of error to this court was granted, and the State brings such judgment  here for review by  writ of error.

*W. J. Bryan,* County Solicitor, and *W. H. Ellis,* Attorney-General, for Plaintiff in Error.

*Wetmore & Purcell,* for Defendant in Error.

TAYLOR, J., *(after stating the facts.)*    The order of the Circuit Judge discharging the  petitioner from  further custody is the only error assigned.

We are entirely clear that Section  seven (7) of  the questioned act is violative of Section 1 of the Fourteenth Amendment to the Constitution of the  United States, in that it discriminately abridges the privileges and immunities of one class of  citizens of the  United States  by giving to another class of such citizens privileges that are withheld from the class discriminated against.  It gives to the Caucassian mistress the  right to have her  child attended in the Caucassian department of the car by its African nurse, and withholds the right from the African mistress the equal right to have her child attended in the African department of the car by its Caucassian  nurse. It also discriminates between the races in that it gives to the invalid adult Caucassian, man or woman, the right to be attended in their department of the car by his or her colored nurse, and withholds from the African invalid the corresponding right to be attended in his or her department of the car by his or her white nurse.  It also gives to the African nurse the right to space in either department of the car and withholds from the Caucassian nurse the same privilege, thereby discriminating  between  the races in favor of the African nurse as against the Caucas-

sian nurse belonging to the same occupational class of persons.

Finding that the seventh (7) section of the act is unconstitutional and void, the question arises does its taint necessarily vitiate the entire act? We are likewise clear that it does. The legislature in the enactment of the said section seven of the act have in express terms recorded its intent that African nurses in charge of Caucassian children or adult invalids should not be subject to the pains and penalties of the other provisions of the act when with such Caucassian children or invalids they invaded the Caucassian department of a car, to strike said section seven from the act and to maintain the remaining provisions thereof would inevitably subject to the pains and penalties of the act a class of persons, to-wit: colored nurses, in the face of the expressed intention of the legislature that they should not be so subject. The settled rule is that if the obnoxious section or part is of such import that the other sections or parts without it would cause results not contemplated or desired by the legislature, then the entire statute must be held inoperative. I Lewis Sutherland Statutory Construction (2nd ed.) Sec. 297; Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. Rep. 431. For these reasons we must adjudge the whole act to be unconstitutional and void. It follows that the judgment of the Circuit Court in said cause must be affirmed and it is so ordered at the cost of the county of Duval.

All concur.