Ex Parte, H. R. Smith.

Division B.

Opinion filed June 14, 1930.

*Zack H. Douglas* and *H. H. McDonald,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Norris F. Baskin,* for Defendant in Error.

STRUM, J.—This is a writ of error to a final judgment in *habeas corpus* remanding petitioner to the custody of the town marshal of Dunnellon pursuant to a conviction for violating Section 1 of Ordinance No. 167 of the Town of Dunnellon, which provides:

"Sec. 1. That each and every person, firm or corporation selling and/or delivering any goods, wares

or merchandise, including bakery products and bottled beverages, from any motor truck or other vehicle in the Town of Dunnellon, Florida, whether an order therefor has been previously given by the buyer and/or an order taken therefor previously by the seller thereof or not, shall pay to the Town of Dunnellon an occupational license tax therefor of Thirty-five ($35.00) Dollars per annum for each such motor truck or other vehicle from which the same is sold and/or delivered. Provided, that this ordinance shall not include dairy, poultry or farm products raised, grown and/or manufactured within the State of Florida, and provided that the person offering the same for sale shall exhibit an affidavit from the county judge of the county in which such dairy, poultry or farm products were raised, grown and/or manufactured stating that the same were raised, grown or manufactured in the county of the county judge so making the affidavit, the affidavit aforementioned to be exhibited to the town authorities. No such license tax as provided above shall be required of or collected from any person, firm or corporation who or which owns or operates in the Town of Dunnellon a merchandising establishment, bakery or bottling works and has paid to the Town of Dunnellon a license tax for conducting or operating the same.''

The facts constituting the alleged offense were as follows: On May 11, 1929, petitioner was arrested by the town marshal of Dunnellon while delivering a quantity of flour, meal and scratch feed to a merchant in the town of Dunnellon, which merchandise had been conveyed by petitioner in a truck, the property of Mountain City Mills Company, into the town of Dunnellon for delivery to said merchant.

The home office of said Mountain City Mills Company is in Tennessee, but it maintains a branch office and a storage warehouse in Gainesville, Florida. It has no place of business in Dunnellon, and pays no license tax there. Neither had the petitioner paid any license tax as required by Sec. 1 of said ordinance.

Petitioner was convicted of a violation of the ordinance aforesaid, and is in custody pursuant thereto. He challenges the validity of the ordinance upon several grounds. There is no serious contention, however, that under the facts in this case the ordinance violates the interstate commerce clause of the Federal Constitution, as the goods which were being delivered by the petitioner, though they may have originated in another State, were not then in interstate movement, as they had previously come to rest in the branch warehouse of Mountain City Mills Company at Gainesville, Florida, where they had become a part of the common mass of property in the State of Florida, and from whence petitioner procured the goods for transportation from Gainesville to Dunnellon, Florida, for delivery to a merchant in the latter town, pursuant to an order therefor taken in Dunnellon and filled from the general stock on hand in the Gainesville warehouse. The transaction was thus wholly intrastate.

The ordinance is question is a revenue measure. It has no relation to the public peace, safety, health or morals, and is, therefore, not a police measure.

The proviso of Section 1 exempts from the operation of the ordinance the sale or delivery of dairy, poultry or farm products raised, grown or manufactured within the State of Florida, thereby arbitrarily discriminating against the products, and the rights or citizens, of other States. The ordinance requires a license to be taken out by persons selling or delivering dairy, poultry or farm products not produced in the State, but requires no license of those who

sell or deliver like articles in like manner but produced within the State of Florida. A person selling or delivering by truck dairy, poultry or farm products produced in Nassau County, on the northern border of Florida, would be exempt from payment of the tax. A person selling or delivering by truck like products in the same manner, but grown a few miles to the north and within the southern boundary of Georgia, would be subject to the tax. There would be no difference in fact between the two transactions, save only the difference in origin of the commodities.

The difference in the place of production or origin affords no ground for discrimination in revenue measures between persons selling or delivering the same kind of goods in the same manner and under like circumstances. Arbitrary discrimination can not be accomplished under the guise of classification.

The effect of the proviso in Section 1 is to create and enforce a discrimination not based upon differences in the nature of the business being transacted, nor upon differences in the manner of conducting the same business, nor upon any difference other than the difference in the place of origin of the commodities. The exemption of dairy, poultry and farm products is generally regarded as permissible in revenue measures imposing license taxes, see Cahoon v. Smith, decided May 21, 1930, — So. R. ——, although such an exemption has been condemned in police measures. See Conolly v. Union Sewer Pipe Co., 184 U. S. 540, 46 L. Ed. 679; State v. Cudahy Packing Co., 82 Pac. R. 833, 114 A. S. R. 804. The proviso here in question, however, does not exempt dairy, poultry and farm products generally, wherever produced or grown, but exempts only those raised, grown or manufactured in the State of Florida. The boundary line of the State, and that alone, determines the operation of the proviso. If the products are produced in Florida no license is required. If not, the

license must be paid. The courts are unanimous in condemning such a basis of classification for purposes of taxation.

The courts have frequently approved classifications resting upon the difference in fact between the business of an itinerant merchant, and the business of a merchant operated at a fixed location, both being engaged in the same general character of business. Such a classification is not based upon residence, but upon the essentially different methods employed by the two classes in carrying on the same general character of business. Such a classification has been recognized by the courts as valid both in exercise of the regulatory police power for the purpose of preventing cheats, frauds, and dangers to public health or morals (see Baccus v. Louisiana, 232 U. S. 334, 58 L. Ed. 627; Mogul v. Gaither, 121 Atl. R. 32; Holsman v. Thomas, 147 N. E. R. 750; 39 A. L. R. 760; Biddles v. Enright, 146 N. E. R. 625, 39 A. L. R. 766), as well as in the exercise of the taxing power, since the State may levy a different tax on the same general character of business when conducted in essentially different modes. See Singer Sewing Machine Co. v. Brickell, 233 U. S. 304, 58 L. Ed. 974; Emert v. Missouri, 156 U. S. 296, 39 L. Ed. 430; Warren v. Geer, 11 Atl. R. 415; Howe v. Gage, 100 U. S. 676; 25 L. Ed. 754. The classification sustained. In re: Haskell, 44 Pac. R. 725, 32 L. R. A. 527, relied upon by petitioner, rested upon the fact that Haskell was an itinerant merchant, whose business was carried on in a manner differing essentially from that of a merchant selling the same character of merchandise at a fixed location.

Where, as in the case with this ordinance, the primary and inescapable effect of the proviso is to work an injurious discrimination, purely on the basis of origin, against commodities produced in other States, and in favor of the same commodities produced locally and sold or delivered

under the same circumstances, such ordinances are universally held to be void. Some courts hold them so upon the ground that it is in effect a discrimination upon the basis of residence alone, others upon the ground that the regulation is in restraint of trade. All courts agree, however, that such a provision is repugnant to Section 1 of the Fourteenth Amendment, which provides that ''no State shall make or enforce any law which abridges the privileges or immunities of citizens of the United States; * * * nor deny to any person within its jurisdiction the equal protection of the laws.'' It is repugnant also to Sec. 2, Art. 4 of the Federal Constitution, which provides that ''the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States.'' Ward v. Maryland, 12 Wall. (U. S.) 418; 20 L. Ed. 449; Weber v. Virginia, 103 U. S. 344, 26 L. Ed. 565; Commonwealth v. Myer, 23 So. E. R. 915; State v. Bayer, 79 Pac. R. 129, 19 L. R. A. (N. S.) 297; Welton v. Missouri, 91 U. S. 275, 23 L. Ed. 347; Howe Machine Co. v. Gage, 100 U. S. 676, 25 L. Ed. 754; Bethlehem Motors Corp. v. Flynt, 256 U. S. 421, 65 L. Ed. 1029, reversing *idem* 100 So. E. R. 693; State v. McGinnis, 37 Ark. 362; Ames v. People, 55 Pac. R. 725; Ex parte Hines, 164 Pac. R. 239; Ex parte Robinson, 230 Pac. R. 175; State v. Ocean Grove, 26 Atl. R. 798; Ex parte Riley, 177 Pac. R. 854; Fechiemer v. Louisville, 2 S. W. R. 65; Ex parte Thomas, 12 Pac. R. 53; Comm. v. Snyder, 38 Atl. R. 356; Ex parte Hawley, 11 N. W. R. 93, 15 L. R. A. (N. S.) 138; State v. Lancaster, 63 N. H. 267; State v. Furbush, 72 N. E. R. 493; State v. Williams, 73 So. E. R. 1000, 40 L. R. A. (N. S.) 279; Ideal Tea Co. v. Salem, 150 Pac. R. 852, Ann. Cas. 1917D 684; notes to ex parte Irish, 61 A. L. R. 332.

For the reasons stated, the ordinance is invalid unless the proviso can be eliminated, leaving the remainder of the ordinance in operation.

Upon the facts here involved, this petitioner is not within the class unjustly discriminated against by the proviso. He, therefore, can not be heard as to the constitutionality of the ordinance as it affects that class. State ex rel. Clarkson v. Philips, 70 Fla. 340, 70 So. R. 367; State v. Shepherd, 84 Fla. 206, 93 So. R. 667. If, however, the affected proviso is such that it renders invalid a provision of the ordinance that does affect petitioner's rights or duties, he may be heard. In re: DeWoody, 94 Fla. 96, 113 So. R. 677; State v. Patterson, 50 Fla. 127, 39 So. R. 398; Stinson v. State, 63 Fla. 42, 58 So. R. 722; Conolley v. Union Sewer Pipe Co., 184 U. S. 540, 46 L. Ed. 679.

If different sections of a statute or ordinance are independent of each other, those which are unconstitutional may be eliminated, and valid sections may be retained and enforced. But if an obnoxious section is of such import that the other sections without it are incomplete, or would cause results not contemplated or desired by the legislative body which enacted it, then the entire statute or ordinance must be held inoperative. Hayes v. Walker, 54 Fla. 163, 44 So. R. 747; State v. Spencer, 81 Fla. 211, 87 So. R. 634, and the cases last above cited. See also Harper v. Galloway, 58 Fla. 255, 51 So. R. 226, and Board of Trade v. Olsen, 262 U. S. 1, 67 L. Ed. 839; Almerigotti v. Jarvis, 95 Fla. 914, 117 So. R. 793.

The ordinance here in question imposes a license tax upon "each and every person, firm or corporation" selling or delivering merchandise by truck, except those excluded by the proviso and those operating and paying a license tax upon a business in the town of Dunnellon. If the offending proviso be eliminated as unconstitutional then the ordinance, if it should be permitted to stand, will operate upon those whom the proviso was plainly designed to exclude. The proviso is not a mere matter of detail.

It is an intergral part of the ordinance which can not be eliminated without doing violence to the intent of the town council in adopting it. As the ordinance was enacted, those engaged in selling or delivering dairy, poultry or farm products of domestic origin are not subject to the license tax. To eliminate the proviso and retain the remainder of the ordinance would subject the class of persons just named to the exaction of the ordinance. As it was clearly not the intention of the town council in enacting the ordinance to thus burden that class of persons, it is manifest that the proviso can not be eliminated without producing a result not contemplated by the town council of Dunnellon in enacting the ordinance. As the proviso therefore vitiates the entire ordinance it is vulnerable to attack at the instance of this petitioner. State v. Mitchell, 53 Atl. R. 887; State v. Cudahy Packing Co., 82 Pac. R. 833; 114 A. S. R. 804.

Petitioner discharged.

WHITFIELD, P. J., AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.