Louis K. Liggett Company, a corporation, *et al., Appellants,* v. J. M. Lee, as Comptroller of the State of Florida, *et al., Appellees.*

147 So. 463.
149 So. 8.
En Banc.
Order entered April 18, 1933.
Opinion filed June 6, 1933.
Re-hearing denied June 24, 1933.

Per Curiam.—Agreeable to the Mandate of the Supreme Court of the United States in this cause on this date received and filed, (53 S. Ct. 481, 77 L. Ed. 553) wherein and whereby it is recited that it has been ordered, adjudged and decreed by the said United States Supreme Court that the decree of the Supreme Court of Florida* heretofore entered in this cause on the 4th day of April, A. D. 1932, be reversed with costs, and that this cause should be, and

*See Liggett v. Amos, 104 Fla. 609, 141 Sou. Rep. 153 and 172.

the same was thereby, remanded to this Court for further proceedings not inconsistent with the opinion of the said Supreme Court of the United Staes in the premises, in order that such execution and further proceedings may be had in this cause, in conformity with the judgment and decree of the Supreme Court of the United States, in said mandate states, as, according to right and justice, and the Constitution and laws of the United States, ought to be had herein, the said appeal notwithstanding, it is now, upon consideration of said mandate,

Considered, ordered and decreed by this Court that the judgment of affirmance herein entered on the 4th day of April, A. D. 1932, be and the same is hereby annulled and set aside, and this cause restored to the docket of this Court on the appeal taken from the Circuit Court in the premises, and that a convenient date for the re-argument of this cause be set by the Clerk and notices thereof mailed to counsel for the respective parties, and that such reconsideration of said appeal be had by this Court, and such further judgment and decree entered herein, as may not be inconsistent with the opinion of the Supreme Court of the United States and as according to right and justice, and the Constitution and laws of the United States and the State of Florida, ought to be had and done herein, the previous judgment of this Court on said appeal notwithstanding.

Judgment of April 4, 1932, annulled and set aside pursuant to mandate from Supreme Court of United States and re-hearing granted.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

TERRELL, J.—In an opinion filed in this cause April 4th, 1932, Chapter 15624, Acts of 1931, Laws of Florida, better known as the Chain Store Act, was upheld *in toto*. On appeal to the Federal Supreme Court the opinion of this Court

was in effect reversed as to paragraphs three, five, seven, nine and the first sentence of paragraph eleven, section five of·said Act, the pertinent part of section five being as follows:

* * * (1) Upon one store, the annual license fee shall be Five Dollars for each such store.

(2) Upon two stores or more, but not exceeding fifteen stores, where the same are located in any one county, the annual license fee shall be Ten Dollars for each such additional store.

(3) Upon two stores, or more, but not to exceed fifteen stores, where the same are located in different counties, the annual license fee shall be Fifteen Dollars for each such additional store.

(4) Upon each store in excess of fifteen, but not to exceed thirty, when all are located in any one county, the annual license fee shall be Fifteen Dollars for each such additional store.

(5) Upon each store in excess of fifteen but not to exceed thirty, where the same are located in different counties, the annual license fee shall be Twenty Dollars for each such additional store.

(6) Upon each store in excess of thirty, but not to exceed fifty, where all are located in any one county, the annual license fee shall be Twenty Dollars for each such additional store.

(7) Upon each store in excess of thirty, but not to exceed fifty, where the same are located in different counties, the annual license fee shall be Thirty Dollars for each such additional store.

(8) Upon each store in excess of fifty, but not to exceed seventy-five stores, where all are located in any one county, the annual license fee shall be Thirty Dollars for each such additional store.

(9)   Upon each store in excess of fifty, but not to exceed seventy-five, where the same are located in different counties, the annual license fee shall be Forty Dollars for each such additional store.

(10)   Upon each store in excess of seventy-five, where all are located in any one county, the annual license fee shall be Forty Dollars for each such additional store.

(11)   Upon each store in excess of seventy-five, where the same are located in different counties, the annual license fee shall be Fifty Dollars for each such additional store.

We are now called on to determine whether or not the Act may be permitted to stand notwithstanding the invalidity of paragraph three, five, seven, nine and the first sentence of paragraph eleven as above quoted relating to county line classification.

Section fifteen of Chapter 15624 is as follows:

"If any section, provision or clause of this Act shall be declared invalid or unconstitutional, or if this Act as applied to any circumstances shall be declared invalid or unconstitutional, such invalidity shall not be construed to affect the portions of this Act not so held to be invalid or the application of this Act to other circumstances not so held to be invalid."

The provisions of Section five imposing a license fee on the basis of stores located in different counties was held to be unreasonable and arbitrary by the Federal Supreme Court, but the remaining paragraphs of Section five, to-wit one, two, four, six, eight and ten were left intact by that decision.  These paragraphs impose a license fee on the basis of stores located in a single county.  No other features of the Act are affected by the Federal decision.  If we regard the words "where all are located in any one county," eliminated from paragraphs one, two, four, six, eight and ten of Section five, we have a complete workable Act, the pro-

visions of which may have been reasonably contemplated by the Legislature.

Under the terms of Section fifteen as here quoted such an elimination is warranted. The Act as a whole evinces a purpose on the part of the Legislature to impose a license tax on chain stores and Section fifteen provides that if any section, provision or clause thereof, or if the Act as applied to any circumstance shall be declared invalid or unconstitutional such invalidity shall not affect other portions of the Act held valid nor shall it extend to other circumstances not held to be invalid.

Under the liberal terms of Section fifteen it may be reasonably discerned that the Legislature intended that the Act under review should be held good under any eventuality that did not produce an unreasonable, unconstitutional or an absurd result. Such provisions as are contended in Section fifteen have been frequently upheld by the Courts. Hill v. Wallace, 259 U. S. 44, 55 L. Ed. 822; Williams v. Standard Oil Company, 278 U. S. 241, 73 L. Ed. 309; Smith v. Cahoon, 283 U. S. 553, 75 L. Ed. 1264; Ex Parte Smith, 100 Fla. 1, 128 So. 864.

Such Legislative declarations as are contained in Section fifteen serve notice on the courts of a legislative intent to uphold separable portions of an Act partially invalid which would have been eliminated in passage if the Legislature had been advised of the invalidity. The test to determine workability after severance and whether the remainder of the Act should be upheld rests on the fact of whether or not the invalid portion is of such import that the valid part would be incomplete or would cause results not contemplated by the Legislature. If the objectionable part of the Act can be severed in such a way that the Legislature would be presumed to have enacted the valid portion without the invalid part, the failure of the latter will not render the

entire statute invalid. Harper v. Galloway, 58 Fla. 255, 31
So. 266; State v. Atlantic Coast Line R. Co. 56 Fla. 617, 47
So. 969; State v. Tampa Water Works, 56 Fla. 858, 47 So.
358; Sabre v. Rutland R. Co. 86 Vt. 347, 85 Atl, 693,
6 R. C. L., 123, 8 R. C. L. 129; Ex Parte Smith, 100 Fla. 1,
128 So. 864.

In Dorchy v. State of Kansas, 264 U. S. 286, 68 L. Ed.
686, 44 Sup. Ct. 323, it was held by the Federal Supreme
Court that the decisions of the state courts on the question
of severability of provisions of a statute was conclusive.

It follows that the Chapter 15624, Acts of 1931, must be
upheld with the invalid parts severed, so the decree ap-
pealed from is reversed and the cause remanded for the
entry of a decree in accordance with this opinion.

WHITFIELD and BROWN, J. J., concur.

ELLIS and BUFORD, J. J., dissent.

DAVIS, C. J., absent from oral argument—not participat-
ing.