141 So.2d 819 (1962)
DADE COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF FLORIDA, APPELLANT,
v.
KENNETH S. KEYES, JR., APPELLEE.
No. 61-487.
District Court of Appeal of Florida, Third District.
June 5, 1962.
*820 Darrey A. Davis, County Atty., and William W. Gibbs, Asst. County Atty., for appellant.
Weinkle & Kessler, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
This is an appeal by Dade County, defendant below, from a final decree holding unconstitutional certain amendments to the Metropolitan Dade County zoning ordinance, relative to minimum distance requirements of package stores in shopping centers from existing churches, schools and other package stores.
In 1957, the Board of County Commissioners of Dade County fixed the minimum distance requirements for package stores in the unincorporated areas in the county at 2,500 feet from churches and schools, and 1,500 feet from other package stores dispensing alcoholic beverages. In 1958, an exception to this general ordinance covering the unincorporated areas of the county was enacted by the Board of County Commissioners as to shopping centers, which reduced the minimum distance requirement to 500 feet from any other established package store, church or school, which exception for reduction in distance requirement was upheld by the Supreme Court of Florida in State ex rel. Eichenbaum v. Cochran, Fla. 1959, 114 So.2d 797. In December, 1960, the Board of County Commissioners of Dade County passed the ordinance in question, which reads as follows:
"Ordinance No. 60 46
"An ordinance amending Section 33-150(E) (9) of the Code of Metropolitan Dade County, Florida (zoning code) to increase the distance requirements for package stores in shopping centers.
"Be it ordained by the Board of County Commissioners of Dade County, Florida:

"Section 1. Section 33-150(E) (9) of the Code of Metropolitan Dade County, Florida, presently providing as follows:
"(9) Package Stores in Shopping Centers in BU-2 District. Package stores in shopping centers in a BU-2 (special business) or more liberal district containing a net ground building area of not less than eight acres including dedicated rights-of-way under one ownership with an improved building area of not less than 65,000 square feet of floor area thereon, and with an improved and developed parking area of not less than 350 vehicles. Only one such package store will be permitted in the shopping center. Said package store shall be at least 500 feet from any church, school or other licensed alcoholic beverage establishment measured as otherwise provided in this section." [Italics supplied.] *821 is hereby amended and modified to read as follows:
"(9) Package Stores in Shopping Centers in BU-2 District. Package stores in shopping centers in a BU-2 (special business) or more liberal district containing a net ground building area of not less than eight acres including dedicated rights-of-way under one ownership with an improved building area of not less than 65,000 square feet of floor area thereon, and with an improved and developed parking area of not less than 350 vehicles. Only one such package store will be permitted in the shopping center. Said package store shall be at least 2500 feet from any church, school or other licensed alcoholic beverage establishment measured as otherwise provided in this section; provided that the provisions of this section shall not be applicable to package stores actually in operation on or prior to December 1, 1960, and such package stores shall be deemed as an unconforming use under the provisions of this Code. [Italics supplied.]

"Section 2. The provisions of this ordinance shall be included and incorporated in the Code of Metropolitan Dade County, Florida, as an amendment thereto.

"Section 3. The provisions of this ordinance shall become effective ten (10) days after the date of its enactment."
That 1960 amendment restored, as to churches and schools, the former 2,500 foot interval requirement. It made the distance to churches and schools the same from package stores whether licensed under the shopping center exception or under the general ordinance applicable throughout the unincorporated areas of the county. But the amendment required package stores licensed under the shopping center exception to be at a greater distance from other package stores (2,500 feet) than that fixed by ordinance from package stores throughout the unincorporated areas of the county (1,500 feet). The chancellor held this latter provision was discriminatory and a denial of equal protection of the laws, and in so holding was eminently correct. On this appeal, the county does not seriously contend that the chancellor erred in that respect, but the county contends the amendatory ordinance enacted in December of 1960 was "severable" and that the distance requirements fixed therein between package stores licensed under the shopping center exception and a church or school should be upheld. We agree with the latter contention, and accordingly the decree appealed from is affirmed in its rejection of the revision of the distance requirement as between such package stores, but is reversed to the extent that it also held to be invalid the amendment which restored as to such package stores the requirement that such stores must be 2,500 feet distance from churches and schools.
When a portion of a statute or ordinance is declared invalid the remaining portions thereof which are severable ordinarily should be recognized as valid, and it is the duty of the court to preserve their validity whether or not a severability clause was included. This will be done unless it would lead to an absurd result such as where the provisions remaining would, without the part which is excluded, do violence to the legislative intent, or unless the part remaining is such as would not have been enacted alone or may not be separately applied and enforced. See 6 Fla.Jur., Constitutional Law §§ 95-100; 30 Fla.Jur., Statutes, §§ 138, 139.
The law on the question involved here was restated recently by the Supreme Court of Florida in the case of Cramp v. Board of Public Instruction of Orange Co., Fla. 1962, 137 So.2d 828, 830, as follows:
"The rule is well established that the unconstitutionality of a portion of a statute will not necessarily condemn the entire act. When a part of a statute *822 is declared unconstitutional the remainder of the act will be permitted to stand provided: (1) the unconstitutional provisions can be separated from the remaining valid provisions, (2) the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void, (3) the good and the bad features are not so inseparable in substance that it can be said that the Legislature would have passed the one without the other and, (4) an act complete in itself remains after the invalid provisions are stricken. Harris v. Bryan, Fla. 1956, 89 So.2d 601; Kass v. Lewin, Fla. 1958, 104 So.2d 572; State ex rel. Limpus v. Newell, Fla. 1956, 85 So.2d 124; Liggitt Co. v. Lee 109 Fla. 477, 147 So. 463, 149 So. 8. * * *"
Viewed in the light of the foregoing statement of the rule, it seems clear the remaining portion of the ordinance under consideration is severable and valid. Upon elimination of the unconstitutional part, the remaining provision requiring such package stores licensed under the shopping center exception to be 2,500 feet distant from churches and schools is complete in itself and capable of application consistent with the legislative intent; and not such as would not have been passed without enactment of the part which is rejected. This becomes more evident when it is observed that the ordinance which is effective in the county at large treats the two situations with substantially different distance requirements. This is understandable because the separate reasons and policies applicable to the two situations well could prompt a legislative body to fix different distances therefor.
The result is that for a package store authorized under the shopping center exception the required distance from churches and schools is 2,500 feet (under said Ordinance No. 60-46), and its required distance from other package stores is 500 feet (under § 33-150(E) (9) of the Code of Metropolitan Dade County, Florida).
Accordingly, the decree appealed from is affirmed in part and reversed in part in the respects set forth hereinabove.
Affirmed in part and reversed in part.
BARKDULL, Judge (concurring in part, dissenting in part).
I concur in that part of the majority opinion holding that the distance requirement as to other package stores, as set out in Ordinance 60 46 of Metropolitan Dade County, was discriminatory and a denial of equal protection of the laws. However, I do not share the view of the majority that the ordinance in question is "severable", allowing the striking of the distance requirement as to other package stores and upholding the validity of the remaining portion of the ordinance pertaining to the distance requirements between churches and schools.
It is well established in the law that an entire ordinance must be held inoperative if the obnoxious section is such that the remaining sections without it are incomplete, or would cause a result not contemplated by the legislative body. State ex rel. Haley v. Stark, 18 Fla. 255; Almerigotti v. Jarvis, 95 Fla. 914, 117 So. 793; Ex parte Smith, 100 Fla. 1, 128 So. 864; Teuton v. Thomas, 100 Fla. 78, 129 So. 330; State ex rel. Landis v. Green, 107 Fla. 335, 144 So. 681.
In the instant case, it is obvious the legislative intent was to set distances as to a package store in a shopping center in relation to nearby churches, schools and other package stores. This is clearly a single purpose, making the locating of any package store in a shopping center dependent upon its distance from not only churches and schools, but also from existing package stores. Thus, where the legislative intent is clear, as in the instant case, that the ordinance in question act in toto, the finding that the provision governing the distance from another package store is invalid would necessitate the entire ordinance be held inoperative. In doing this, we are not permitted *823 to substitute any distance requirements in place of that specified in the amendment. To do so would be the exercise by this court of legislative power. Neither are we permitted to piece the two enactments together in order to accomplish a single legislative purpose.
I would therefore affirm the order of the chancellor holding that Ordinance 60 46, adopted by the Board of County Commissioners of Dade County, Florida, is unconstitutional, invalid and wholly inoperative which, in effect, leaves undisturbed the original section of the code which was approved in State ex rel. Eichenbaum v. Cochran, Fla. 1959, 114 So.2d 797.