222 So.2d 196 (1969)
Lucille SMALL, Tax Assessor of Hendry County; T.E. Hedges, Tax Collector of Hendry County; and Fred O. Dickinson, Comptroller of the State of Florida, Appellants,
v.
SUN OIL COMPANY, a Corporation, Appellee.
No. 37098.
Supreme Court of Florida.
April 23, 1969.
*197 John M. Potter, Clewiston, for appellants.
Julian D. Clarkson, of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
Earl Faircloth, Atty. Gen., T.T. Turnbull and Fred M. Burns, Asst. Attys. Gen., for amicus curiae.
ROBERTS, Justice.
The appellants have appealed to this court from a judgment passing directly on the validity of a state statute, as authorized by Section 4(2), Article V, Florida Constitution, F.S.A.
*198 The statute in question, Ch. 22784, Laws of Florida, Acts of 1945, as amended by Ch. 23883, Laws of Florida, Acts of 1947, was codified as Ch. 211, Florida Statutes, F.S.A. It levies an excise tax of five percent on the production of oil and gas in this state and provides that the tax is made up of "two separate taxes", namely, the "first oil and gas tax" consisting of 80 percent of the total tax for the state for the use of the state's general revenue fund, and the "second oil and gas tax" consisting of 20 percent of the total tax for the county in which the oil and gas is produced for the use of the general revenue fund of the board of county commissioners. Sec. 211.02(1) (a) and (b), Fla. Stat., F.S.A. Subsection (2) of Section 211.02 states the legislative intent in imposing "two separate taxes" as follows: 
"(2) It is the intention of the legislature to impose the first oil and gas tax as a state excise tax and to impose the second oil and gas tax as a county excise tax to compensate the county in which oil and gas is produced for the loss of ad valorem taxes by reason of the provision of this chapter, and to make it possible for the board of county commissioners of such county to provide the additional public services that will be required in a county where oil and gas are produced."
Section 211.13 of the Act prohibits the imposition by any other taxing unit of an additional excise tax and directs the several tax assessors of the counties and cities not to increase the value of the land for ad valorem tax purposes because of the existence of subsurface oil and gas for the reason that "it is impossible under known valuation methods to accurately ascertain the true value of oil and gas in place and taxation thereof is more certainly accomplished after its capture or severance from the earth or water." Sec. 211.13. The remainder of this section reads as follows: 
"The value of land for ad valorem tax purposes shall not be increased by reason of the location thereon of any producing oil or gas equipment or machinery used in and around any oil or gas well and actually used in the operation thereof and no ad valorem tax shall be imposed upon such producing equipment and machinery." Sec. 211.13, Fla. Stat., F.S.A. (Italics supplied.)
The appellee Sun Oil Company had for many years paid an excise tax of 5 percent on the oil produced by its Hendry County well, as required by Ch. 211, supra. The controversy resulting in the instant suit arose when the appellant Lucille Small, as Tax Assessor of Hendry County, notified the appellee that an ad valorem personal property tax for the year 1966 had been assessed against certain machinery and equipment used by the appellee at its oil well in the county. The appellee filed suit to enjoin the collection of the ad valorem tax, basing its complaint on the provision of the statute quoted and italicized above. The defendant-appellants (being the county tax assessor, the county tax collector, and the State Comptroller) first defended on the ground that the items of machinery and equipment assessed for the tax were not "producing" equipment and machinery and therefore were not entitled to the benefit of the provision in question. When this issue was resolved by the trial judge in appellee's favor, the appellants amended their Answer to allege that the provision in question was an unconstitutional exemption of personal property from ad valorem taxation contrary to Section 1, Article IX, Florida Constitution, F.S.A. The trial judge sustained this contention and held also that the exemption provision was not severable from the remainder of the statute. From his final judgment declaring the entire Act, Chapter 211, Florida Statutes, F.S.A., to be invalid, this appeal has been taken.
As noted above, the appellee had for many years paid an excise tax on the crude oil produced by it in Hendry County. Presumably, the county tax assessors and collectors *199 in the several counties of this state in which producing oil and gas wells are located, as well as the Hendry County tax assessor, considered the county excise tax to be a fair and reasonable substitute for the ad valorem tax which would otherwise, but for the provision in question, have been assessed against the producing machinery and equipment located in the county. This would appear to be a fair assumption in view of the fact that the Act, Ch. 211, supra, has been on our statute books for over twenty years without, so far as we can tell, any question having been raised as to the validity of the provision relieving from ad valorem taxation the producing equipment and machinery  much of which, it is said in brief, is required only for measuring the crude oil for the purpose of reporting and paying the excise tax on its production. The parties to this appeal have not, however, questioned the trial judge's conclusion that the provision in question constitutes an exemption from taxation that violates Section 1 of Article IX of our constitution; and we have, accordingly, proceeded on that basic premise in considering the only question presented here, that is, whether the trial judge was correct in holding that the entire statute must fall because the invalid exemption provision was not severable from the remainder of the Act.
The rule as to severability by which he must be guided here has been long established and many times stated by this court: The fact that a portion of an Act may be unconstitutional does not mean that the entire statute must fall. If the legislative purpose expressed in the valid portions of the Act can be accomplished independently of the invalid provisions, and if, considering the Act as a whole, it cannot be said that the Legislature would not have passed the valid portion had it been known that the invalid portion would fall, then it is the duty of the court to give effect to so much of the statute as is good. State ex rel. Arpen v. Brown, 19 Fla. 563; State ex rel. Moody v. Baker, 20 Fla. 616; Wooten v. State, 1883, 24 Fla. 335, 5 So. 39, 48, 1 L.R.A. 819; English v. State, 1893, 31 Fla. 340, 12 So. 689, 692; State ex rel. Attorney-General v. Dillon, 1893, 32 Fla. 545, 14 So. 383, 394, 22 L.R.A. 124; Ex parte Pitts, 1895, 35 Fla. 149, 17 So. 76, 77; State v. Atlantic Coast Line R. Co., 1908, 56 Fla. 617, 47 So. 969, 977; Phillips v. Bell, 1922, 84 Fla. 225, 94 So. 699, 701; State ex rel. Adams v. Lee, 1936, 122 Fla. 639, 166 So. 249; State v. Calhoun County, 1936, 126 Fla. 376, 170 So. 883; State ex rel. Limpus v. Newell, Fla. 1956, 85 So.2d 124; Cramp v. Board of Public Instruction of Orange Co., Fla. 1962, 137 So.2d 828; and Davis v. State, 1962, 146 So.2d 892.
The fact that the offending provision is not self-contained in a separate section of the statute does not prohibit the court from applying the severability rule. State ex rel. Attorney-General v. Dillon, supra, 14 So. 383, 395; State ex rel. Adams v. Lee, supra, 166 So. 249. It might be noted also that the absence of a so-called severability clause in the statute does not prevent the court from exercising its inherent power to preserve the constitutionality of an Act by the elimination of invalid clauses if it is possible to do so under the severability rule. State v. Calhoun County, supra, 170 So. 883, 886. When a severability clause is included in the statute, as it was in the Act sub judice, the expressed legislative intent in this respect should be carried out unless to do so would produce an unreasonable, unconstitutional or absurd result. Louis K. Liggit Co. v. Lee, 1933, 109 Fla. 477, 149 So. 8, 9. It would seem to be especially important to carry out the legislative direction as to severability in a revenue measure. See State ex rel. Adams v. Lee, supra, 166 So. 249, 252; Louis K. Liggitt Co. v. Lee, supra, 149 So. 8. When, however, the valid and the void parts of a statute are mutually connected with and dependent upon each other as conditions, considerations, or compensations for each other, then a severance of the good from the bad would effect a result *200 not contemplated by the Legislature; and in this situation a severability clause is not compatible with the legislative intent and cannot be applied to save the valid parts of the statute. See City of Jacksonville v. Ledwith, 1890, 26 Fla. 163, 7 So. 885, 894, 9 L.R.A. 69; cf. Hayes v. Walker, 1907, 54 Fla. 163, 173, 44 So. 747, 750.
Applying these rules to the statute sub judice, we have no difficulty in holding that the exemption provision in question may be eliminated without disturbing the valid portions of the Act providing for a state excise tax on oil and gas production. This purpose obviously can be accomplished independently of the exemption provision; and the legislative plan provided for the levy and collection of the tax is not affected by the exemption provision. The State of Florida is prohibited from levying an ad valorem tax on real and tangible personal property (Sec. 2, Art. IX, Fla. Const. of 1885; Sec. 1, Art. VII, Fla. Const. of 1968, F.S.A.), so that the ad valorem tax exemption could not possibly have been the inducement, monetarily, for the imposition of the state excise tax. There is nothing in the statute to indicate that the exemption was, for any other reason, a condition or consideration without which the excise tax would not have been imposed. The severability clause of the Act (Sec. 17 of Ch. 23883, Acts of 1947) provided that any invalid section, sub-section, sentence, clause or provision may be eliminated without impairing or affecting the remaining parts of the Act; and it is clear that the elimination of the exemption provision would not produce an unreasonable, unconstitutional or absurd result. On the contrary, we think it would be unreasonable to say that the Legislature would not have enacted the revenue measure in question had it known that the court would strike down a provision exempting tangible personal property from an ad valorem tax that the state had no right to levy and collect in the first place.
It must be held, therefore, that the trial judge erred in holding that the exemption provision was not severable from the portions of the statute relating to the state excise tax.
The question of whether the exemption provision may be eliminated without also striking down the portions of the statute providing for a county excise tax cannot be answered quite so simply. The appellee contends that it is obvious that the Legislature intended to substitute the county excise tax for the ad valorem tax that would have been collected by the county but for the exemption; and that the trial judge correctly held that to strike out the exemption but leave the county excise tax intact would bring about a result not contemplated by the Legislature.
The Circuit Court held that the exemption provision was so closely interwoven with the imposition of the severance taxes that the entire tax structure of the statute must be held inoperative, leaving the Sun Oil Company liable for ad valorem taxes under other statutes but rendering the severance taxes invalid. The result is a very substantial claim against the state and Hendry County for illegally collected taxes far in excess of the ad valorem taxes which could be back-assessed.
Another theory considered would hold the exemption invalid but would also hold that the remainder of the statute is valid. This would result in the Sun Oil Company being liable for both the severance taxes and the ad valorem taxes.
Obviously neither of these conclusions conforms to the taxation of the Sun Oil Company contemplated by the Legislature in enacting Chapter 211.
It is apparent that the nearest approach to the legislative intent as expressed in the statute which is consistent with the Constitution of 1885, would be to so construe the statute as to require payment of the severance taxes; permit assessment of ad valorem taxes upon the personal property *201 used in producing oil and gas; and then apply to the payment on or of these ad valorem taxes the necessary amount from the first proceeds of the excise taxes.
As applied to the facts before the court this construction would not alter in any way the total taxes paid by Sun Oil Company to the state or the county, although it would necessitate a slightly different allocation of the funds in the hands of the county. Section 211.02 directs that all the county severance tax go into the general revenue fund of the county. If any part of the severance tax is used to pay county ad valorem taxes, those sums would have to be allocated among the several county funds (including school funds) as are other ad valorem taxes.
It is a well established rule of construction that the intent of the Legislature as gleaned from the statute is the law. When, as here, the clearly expressed purpose of the Legislature cannot be given effect by the mechanics outlined in the statute but the same result can be attained by the application of somewhat different procedure, is the court justified in so applying the statute as to effectuate the basic legislative intent even though to do this it is necessary to change the literal effect of some portions of the statute? We think it is under the circumstances here present.
In the case under consideration we have this situation: The excise taxes levied by Section 211.02 in 1966 actually yielded and Sun Oil Company has paid the sum of $93,003.72, of which $18,600.74 was paid to Hendry County. The ad valorem taxes assessed and levied upon the personal property employed in producing that oil and gas amount to $5,458.06. If the conclusion reached by the Circuit Court is correct Sun Oil Company must pay the $5,458.06 ad valorem taxes but can demand the return of the $93,003.72 severance taxes already paid, with a net profit on the transaction of $87,545.66. If the opposing theory that the five percent severance tax and the county ad valorem tax are due and payable, Sun Oil Company has no claim for a return of the $93,003.72 already paid, but owes an additional $5,458.06 in ad valorem taxes.
In neither way is effect given to the basic legislative intent as to the amount of taxes Sun Oil Company should pay to the State of Florida and Hendry County. Both are founded upon the necessity of erasing from the statute so much of the language used to express the legislative intent as requires the exemption from ad valorem taxation of personal property employed in producing natural oil and gas.
The Chancellor has attempted to apply a rule which had been often expressed in slightly varying language, perhaps most clearly in the case of Ex parte Smith, 100 Fla. 1, 128 So. 864, as follows:
"(5) If different sections of a statute or ordinance are independent of each other, those which are unconstitutional may be eliminated, and valid sections may be retained and enforced. But if an obnoxious section is of such import that the other sections without it are incomplete, or would cause results not contemplated or desired by the legislative body which enacted it, then the entire statute or ordinance must be held inoperative. Hayes v. Walker, 54 Fla. 163, 44 So. 747, State ex rel. Buford v. Spencer, 81 Fla. 211, 87 So. 634, and the cases last above cited. See, also, Harper v. Galloway, 58 Fla. 255, 51 So. 226, 26 L.R.A.,N.S. 794, 19 Ann.Cas. 235; Board of Trade of City of Chicago v. Olsen, 262 U.S. 1, 43 S.Ct. 470, 67 L.Ed. 839; Almerigotti v. Jarvis, 95 Fla. 914, 117 So. 793."
Applying this rule the Chancellor in exercising his judgment reached the conclusion that the imposition of the excise taxes and the exemption from ad valorem *202 taxes are so closely interwoven and form such integral parts of a single scheme of taxation that the former must fall with the latter, and it adjudged the whole statute to be inoperative.
On the same facts and applying the same rule we have reached the conclusion that the provision of the statute exempting from ad valorem taxes the personal property employed in producing natural oil and gas is void but separable from the provisions imposing excise taxes.
In short, the Circuit Court concluded that the Legislature would not have enacted the statute had it known the unconstitutional provisions would be deleted, while we conclude that the statute would have been enacted had the Legislature possessed this knowledge. But if we stop here the taxpayer is left liable for both ad valorem and severance taxes.
We apply in this case another principle which has been frequently announced, and is well stated in the case of Estate of Willie Williams, Fla., 182 So.2d 10 as follows:
"In the construction of any statute it is always our duty to give effect to the legislative intent where such is ascertainable."
We therefore hold that, as applied to this case, the basic overriding legislative intent was to impose upon the producer of natural oil and gas severance taxes in the total sum of five percent of the value of the natural oil and gas produced, which includes one percent for the County, the County portion to be reduced by the amount of ad valorem taxes which normally would be levied upon the personal property in producing the oil and gas; that the Legislature in order to accomplish this purpose adopted a mechanical form which violates the Constitution; that by simple change in the mechanics of the statute the valid legislative intent can and should be accomplished.
Eliminating as constitutionally invalid so much of Chapter 211 as expressly exempts from ad valorem taxes personal property employed in producing natural oil and gas we come to subsection (2) of Section 211.02, which is as follows:
"(2) It is the intention of the legislature to impose the first oil and gas tax as a state excise tax and to impose the second oil and gas tax as a county excise tax to compensate the county in which oil and gas is produced for the loss of ad valorem taxes by reason of the provision of this chapter, and to make it possible for the board of county commissioners of such county to provide the additional public services that will be required in a county where oil and gas are produced."
By construing the words "* * * compensate the county in which oil and gas is produced for the loss of ad valorem taxes by reason of the provisions of this chapter * * *" to mean "pay the county in which oil and gas is produced the ad valorem taxes, or so much thereof as the one percent severance tax will pay, upon the oil and gas producing equipment and machinery from the one percent collected for the county", the over-all legislative intent will be accomplished.
In summary we hold:
(1) The portion of Chapter 211, Florida Statutes, F.S.A., which attempts to prohibit the levy of county ad valorem taxes on oil or gas producing machinery used in or around any well is unconstitutional and void.
(2) That the remainder of Chapter 211, Florida Statutes, F.S.A., is valid as against the attack made here.
(3) That the one percent severance tax for the use and benefit of the county be applied first to payment of the ad valorem tax levied by the county on such oil and gas producing machinery, with the balance, if any, of such one percent severance tax becoming a part of the general funds of the county.
*203 So the judgment is affirmed in part and reversed in part for further proceedings not inconsistent with this opinion.
It is so ordered.
ERVIN, C.J., CALDWELL (Retired) J., and TAYLOR and MASON, Circuit Judges, concur.
DREW, J., dissents.