ERVIN, Judge.
Louisiana Land & Exploration Company appeals a summary judgment entered against it in an action for declaratory judgment to determine whether it is liable both for the payment of a severance oil and gas tax and a tangible personal property tax. Louisiana Land & Exploration Company is a mineral lessee owning a working interest in oil wells in Escambia County. It pays a 5% oil and gas severance tax, 20% of which goes to the county. Escambia County has additionally assessed a tangible personal property tax on the machinery and equipment used on the wells. The company paid its 1973 tangible personal property taxes under protest and then brought an action for declaratory judgment seeking a refund. It contends the severance tax monies paid to the county should be applied as a credit toward the payment of the tangible personal property tax owing on the producing equipment. There are no factual issues. The determination of the issues turns on the case of Small v. Sun Oil Company, 222 So.2d 196 (Fla.1969) and the subsequent amendment to Section 211.13, Florida Statutes (1971).
Section 211.02, Florida Statutes (1967), when Small v. Sun Oil Company, supra, was decided, imposed an excise tax of 5% on the production of oil and gas in the state. Eighty percent of the tax would go to the state’s general revenue fund and the remaining 20% to the county in which the oil and gas was produced. Section 211.13, Florida Statutes (1967) prohibited the value of land for ad valorem taxes from being increased by the location of any oil or gas equipment used on the land, and any additional ad valorem tax from being imposed upon such equipment. This last sentence was struck down by the Supreme Court as an unconstitutional exemption of personal property from ad valorem taxation, contrary to Article 9, Section 1, Florida Constitution (1885). The offending portion was found to be severable from the remaining taxing scheme. The Supreme Court was then faced with the problem of construing the severance tax and the ad valorem tax assessed in light of the valid portions of the statute. It stated that it would apply the statute so as to carry out the legislative intent, even though it was necessary to change the literal effect of certain portions of the statute, concluding:
“It is a well established rule of construction that the intent of the Legislature as gleaned from the statute is the law. When, as here, the clearly expressed purpose of the Legislature cannot be given effect by the mechanics outlined in the statute but the same result can be attained by the application of somewhat different procedure, is the court justified in so applying the statute as to effectuate the basic legislative intent even though to do this it is necessary to change the literal effect of some portions of the statute? We think it is under the circumstances here present.
* * sfc % sf: sfc
It is apparent that the nearest approach to the legislative intent as expressed in the statute which is consistent with the Constitution of 1885, would be to so construe the statute as to require payment of the severance taxes; permit assessment of ad valorem taxes upon the personal property used in producing oil *395 and gas; and then apply to the payment on or of these ad valorem taxes the necessary amount from the first proceeds of the excise taxes.” 222 So.2d at 200-201.
(Emphasis in original.)
The producer, Sun Oil Company, was allowed to set off the amount owed in ad valorem taxes on its equipment against the 1% severance tax paid. We find, however, the Small decision is inapplicable here because Section 211.13 has since been amended to delete the statute’s invalid portion, which had provided “and no ad valorem tax shall be imposed upon such producing equipment and machinery”. The above portion, though found unconstitutional, was considered by the Supreme Court in determining the legislative intent. With the deletion of the above language from Section 211.13 by Chapter 72-360, Laws of Florida (1972), there is no longer a legislative intent by which we can validly determine a set-off should be made against the severance tax for any ad valorem taxes due on equipment.
The appellant argues the necessary statutory intent is found in Section 211.02(2), Florida Statutes (1975), which states the one percent severance tax owed the county is imposed “to compensate the county in which oil and gas is produced for the loss of ad valorem taxes by reason of the provision of this chapter, . . . ” Since the provision of the chapter removing ad valorem taxes on oil producing machinery has been repealed, the sentiment expressed in Section 211.02(2) is to that extent no longer effective.
We therefore find no impediment in a county assessing an ad valorem personal property tax on oil and gas producing equipment in addition to a severance tax.
Appellant’s remaining point is without merit.
The judgment is AFFIRMED.
BOYER, Acting C. J., and MILLS, J., concur.