Gregory V. Beauchamp Levy County Attorney Bronson
QUESTION:
Does the board of county commissioners possess the power to levy and collect a depletion tax on irreplaceable minerals mined within the unincorporated areas of the county?
SUMMARY:
Boards of county commissioners do not possess statutory power under general laws to levy a `mineral depletion tax' on the mining of minerals within the unincorporated areas of the county.
Your question is answered in the negative.
It is well settled that a county has no inherent power to impose taxes; such power must be derived from the state. Amos v. Mathews,126 So. 308, 322 (Fla. 1930); 8 Fla. Jur. Counties s. 197 (1956). Section 1(a), Art. VII, State Const., states in part that: `No tax shall be levied except in pursuance of law.'
Section 9(a), Art. VII, State Const., which provides for the imposition of local taxes, states in pertinent part that:
 Counties . . . shall . . . be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes . . . . (Emphasis supplied.)
Section 125.01(1)(r), F. S., empowers counties to levy ad valorem taxes, and such other taxes as may be expressly authorized by general law.
The answer to your question thus depends on whether your `depletion tax' is an ad valorem tax or an `other' type of tax authorized by general law. In City of DeLand v. Florida Public Service Commission, 161 So. 735 (Fla. 1935), it was stated:
 . . . The difference between an ad valorem property tax and an excise or occupation [sic] tax is principally in the fact that one is direct and the other is indirect.
 All taxes, other than polls, are either direct or indirect property taxes. A direct tax is one that is imposed directly upon property, according to its value. It is generally spoken of as a property tax or an ad valorem tax. An indirect tax is a tax upon some right or privilege, or corporate franchise, and is most often called an excise or occupational tax.
 An excise and property tax, when the two approach each other, ordinarily may be distinguished by the respective methods adopted for laying them and fixing their amounts. If a tax is imposed directly by the Legislature without assessment, and its sum is measured by the amount of business done, income previously received, or by the extent to which a taxable privilege may have been enjoyed or exercised by the taxpayer, irrespective of the nature or value of such taxpayer's assets or his investments in business, it is to be regarded as an excise tax. But, if the tax is computed upon the valuation of the property, and assessed by assessors, either where it is situated or at the owner's domicile, although privileges may be included in the valuation, it is considered a property tax.
Based on the above definition there can be no doubt a `mineral depletion tax' is an excise tax and not an ad valorem tax. (It is assumed your contemplated depletion tax is similar to or substantially like the severance tax provided in Ch. 211, F. S.) Among other factors attributable to an excise tax, the depletion tax is figured on the amount of business done, not on the value of the asset concerned. This conclusion is bolstered by Small v. Sun Oil Company, 222 So.2d 196 (Fla. 1969). The court was required to construe s. 211.13, F. S. 1975, dealing with an oil and gas `severance' tax. The court called the severance tax an excise tax. Indeed, s. 211.13 itself begins `[n]o other excise or license tax in addition to the tax provided herein . . . .' [Section 211.13, F. S. 1975; emphasis supplied.]
Having concluded the depletion tax in question is an excise tax (or `other' tax as used in s. 9(a), Art. VII, State Const.), it must now be determined if the depletion tax is authorized bygeneral law as required in s. 9(a), Art. VII.
Section 211.13, F. S. 1977, states in pertinent part:
 No other excise or license tax in addition to the tax provided herein shall be imposed by the state [or] counties . . . upon any person who produces in any manner any oil or gas by taking it from the earth or water of this state.
This provision thus seems dispositive as to any additional county depletion tax on oil or gas. It is not allowed.
Our question is thus narrowed to a depletion tax on minerals other than oil or gas. This question is governed by ss. 211.30-211.34, (or part II, Ch. 211, F. S., as amended). This provision for severance of solid materials is much like the provision for the oil and gas severance tax, part I, Ch. 211. There are, however, several important distinctions.
Part I directs a 4 percent state excise tax and a 1 percent county excise tax. Section 211.31, F. S. (1978 Supp.), provides for an excise tax on the severance of solid minerals and phosphate rock, the proceeds of which are required to be paid into the State Treasury according to a set formula provided by said statute pursuant to which a stated portion is credited to the General Revenue Fund of the state and to the credit of the Land Reclamation Trust Fund as well as the Phosphate Research Trust Fund. Such excise tax is a state tax and counties are not authorized to levy any taxes on the severance of such minerals. Again, in the absence of such a general law authorization, there may be no county excise tax. City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1 (Fla. 1972); Gessner v. Bel-Air Corp.,17 So.2d 522 (Fla. 1944).
I would also like to make some additional comments pertinent to the subject. Because of the affirmative duty of the taxing authority to show a general law as authority for an excise tax, the lack of a provision in part II comparable to the directive in s. 211.13 (in part I), that `[n]o other excise or license tax' shall be imposed is not material and does not govern your question. Rather, the power of a county to levy excise taxes such as a `mineral depletion tax' is controlled by the terms of s. 9(a), Art. VII, State Const., and such authority must be delegated by general law.
Prepared by:
Harold F. X. Purnell Assistant Attorney General