CARROLL, Judge.
This appeal is from an order of the county judge’s court in Dade County rejecting probate of a proffered will on the ground that it was not signed as required by law. The Florida Probate Law dealing with execution of wills and specifically with the signing of wills, in subsections (1) and (2) of § 731.07, Fla.Stat., F.S.A., provides as follows:
“Every will, other than a nuncupa-tive will, must be in writing and must be executed as follows:
“(1) The testator must sign his will at the end thereof, or some other person in his presence and by his direction must subscribe the name of the testator thereto.
“(2) The testator, in the presence of at least two attesting witnesses-present at the same time, must sign his will or cause his name to be signed as aforesaid or acknowledge his signature thereto.”
In the will involved in this case the testator signed by means of placing an “X” mark at the end of the will. The county judge ruled that the above statutory provisions relating to signing of wills required the name of the testator to be signed by him, or by another as there permitted, and that the signing of a testator by making a mark was insufficient under the statute. In so holding the county judge was eminently correct, and we affirm.
*465 Decisions in other jurisdictions make it appear that there is in general a policy to treat the signing of a will by a mark, when done and intended by the testator as a means of signing his will, as sufficient under statutes requiring the testator to sign, but which do not contain language stating or indicating a requirement that the name of the testator be signed by him.[1]
The argument that unless a will can be signed by a mark one who is illiterate or incapacitated will be unable to execute a will, is without force here because the Florida statute gives such a handicapped testator the alternative of having another person affix his name. It would appear that in the absence of any necessity to permit signature by mark, the policy should be against it, as an aid in assuring identity of the testator and to avoid possible frauds which a permitted use of marks as signatures could invite in the execution of wills.
Subsections (1) and (2) of § 731.07 of the Florida Probate Law as quoted above, when read together lend support to the conclusion that the objective intent of the legislature was for the testator’s name to be affixed at the end of his will, either by him or by some other person as expressly authorized there. The wording of subsection (2) relating to witnesses by requiring that the testator “must sign his will or cause his name to be signed as aforesaid”, indicates the legislature thereby construed its language in subsection (1) as requiring the testator to sign by name.
Accordingly the order of the county judge’s court denying probate of the will which was signed by the testator only with his mark should be and hereby is affirmed.
Affirmed.
TILLMAN PEARSON, Judge, dissents.

. See 57 Am.Jur. Wills § 250; Thompson, Wills (3d ed. 1947) § 108 and cases collected in n. 7.