182 So.2d 10 (1965)
In re ESTATE of Willie WILLIAMS, Deceased.
Bette BARON, Executrix of the Last Will and Testament of Willie Williams, Deceased, Petitioner,
v.
Elizabeth WILLIAMS, Administratrix of the Estate of Willie Williams, Deceased, Respondent.
In re ESTATE of Stephania ZARKEY, Deceased.
Nos. 34341, 34348.
Supreme Court of Florida.
December 15, 1965.
Rehearing Denied February 14, 1966.
*11 Reiseman, Selkowitz & Corrigan, Miami, for petitioner in Williams Estate.
Kenneth N. Rekant, Miami Beach, for petitioner in Zarkey Estate.
Nadler & Tunick, Miami, for respondent in Williams Estate.
A.N. Perry, Miami, for respondent in Zarkey Estate.
O'CONNELL, Justice.
The District Court of Appeal, Third District, has certified to us, as passing upon a question of great public interest, its decisions in In re Williams Estate, Fla.App. 1965, 172 So.2d 464, and In re Estate of Zarkey, Fla.App. 1965, 172 So.2d 465.
In each of these cases the county judge refused to admit to probate a will signed by the testator with a mark, similar to an X, on the ground that the making of a mark was not sufficient signing of the will under the provisions of F.S. Section 731.07, F.S.A. On appeal the district court affirmed the county judge in each case. The factual circumstances in both cases are so similar as to require no discussion.
The single issue for decision is whether, under the wording of Sec. 731.07, a testator may execute his will by making his mark, as distinguished from writing his alphabetical name. The county judges and the district court held that a will could not be validly executed in this manner. We cannot agree.
The pertinent portions of the controlling statute read:
"731.07 Execution of Wills.  Every will, other than a nuncupative will, must be in writing and must be executed as follows:
"(1) The testator must sign his will at the end thereof, or some other person in his presence and by his direction must subscribe the name of the testator thereto.
"(2) The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will or cause his name to be signed as aforesaid or acknowledge his signature thereto."
We are here concerned only with the requirement that the "testator must sign his will at the end thereof * * *." The county judges and the district court were of the view that in order to "sign" the testator must write his alphabetical name. The respondents, of course, agree with this, while the petitioners argue that one may "sign" by making his mark.
In the construction of any statute it is always our duty to give effect to the legislative intent where such is ascertainable. However, we find nothing in the statute itself which gives support to either of the definitions urged to be given the word "sign."
This being so, we think we must then decide in that way which gives effect to *12 the will of the testators involved unless some countervailing factor of public policy prevents.
We are surprised that the question here presented is one of first impression in this state. The only Florida case dealing with the question of signing by mark is Bruner v. Hart, 1910, 59 Fla. 171, 51 So. 593, in which this court held that a witness to a deed could subscribe as a witness by affixing his mark, rather than by writing his alphabetical name. In so holding this court stated that a person could witness by mark unless such method was forbidden by statute and noted that the applicable statute did not forbid a witness "subscribing his name by making his mark." A witness to a will is now required to actually sign his name to the will. F.S. Sec. 731.03(16), F.S.A.
It is interesting to note that in Bruner v. Hart, supra, the two grantors also signed the questioned deed by mark. Surprisingly the deed was not attacked on this ground. This would seem to indicate that the parties in that case conceded that a grantor could "sign" by mark, but questioned only whether a witness could "subscribe" by mark. It is not unreasonable to assume that a like and widely held concession that a testator could sign his will by mark may account for the fact that no case in point has previously been presented to the appellate courts of this state.
We have carefully read the three cases cited by this court in support of the holding in Bruner v. Hart that a witness could subscribe by mark. Two of the cited cases decided that a witness to a will could subscribe as an attesting witness by mark. Garrett v. Heflin, 1893, 98 Ala. 615, 13 So. 326; and Pridgen v. Pridgen's Heirs, 1852, 13 Ired. 259, 35 N.C. 259. In the Pridgen case that court discussed the early English cases and statutes dealing with the execution of wills, explained that the word "signum" (from which our word sign is derived) meant no more than a mark, and expressed the view that sign and subscribe meant essentially the same thing when used in a statute. This seems to be the prevailing view in this country.
There can be no doubt that the effect of this court's decision in Bruner v. Hart is that a person can meet the statutory mandate of subscribing his name by making his mark rather than writing his alphabetical name. If there is a difference in meaning in the words "sign" and "subscribe" it is that "subscribe" is more limited than "sign." This logically leads to the conclusion that if one can subscribe by making his mark he can certainly sign by the same means. We so hold.
The great majority of the courts which have dealt with cases like these involving similar statutes hold as we do here, that a mark made by the testator at the proper place on his will with the intent that it constitute his signature and evidence his assent to the will is sufficient to satisfy the statutory requirement that he "sign" his will. See Annotations in 31 A.L.R. 682, 42 A.L.R. 954, 114 A.L.R. 110, and 98 A.L.R.2d 841.
We have not ignored respondent's contention that public policy, which is to protect testators and their heirs from fraud, would be best served by refusing to accept as properly executed under the statute a will signed by the testator with only his mark. In support of this contention respondents argue that it is impossible for handwriting experts to determine the authenticity of a mark as might be done with a handwritten alphabetical name. They also argue that if a testator cannot write his name and is not permitted to sign by mark, he will be forced to have another person subscribe his name for him. This they say will be added protection because a person requested to sign the name of another will not be likely to do so without first determining the identity of the purported testator.
It is true that even a handwriting expert would have difficulty determining who made a mark in the absence of distinguishing *13 characteristics by which certain comparisons can reasonably be made. If proof of the execution of a will rested entirely upon the identification of the mark or signature of the testator the respondents' argument would be difficult to overcome. But such is not the case. The greatest protection against fraud, and the greatest aid in proof that a testator did in any manner sign his will as his, is furnished by the statutory requirement that it be done in the presence of, or acknowledged in the presence of, at least two attesting witnesses.
Furthermore, the alternative method for the execution of a will, by which some other person may subscribe the testator's name, really seems to offer even less protection than the testator's mark.
This is so because the statute does not require the person signing for the testator to be identified in the document. True, a careful lawyer supervising the execution of a will would see that such person's identity was reflected in some manner at the end of the will. Nevertheless, the statute does not require it nor does it prescribe how it shall be made known that the testator's name was subscribed by another or how such person is to be identified in the document.
Therefore, we fail to see how fraud on testators would be prevented in any meaningful way by a holding that our statute requires that a person must either subscribe his alphabetical name or have another person to do so for him. Rather, we hold, as do most jurisdictions, that a testator may "sign" his will by making a mark. It is a matter of fact to be proved in proper proceedings whether the testator made the mark with the intention that it evidence his assent to the document.
If this cause accomplishes nothing more than to call attention to the inadequacies of Section 731.07(1) and (2) it will have served a useful purpose. We have no doubt that the appropriate committees of The Florida Bar and the Legislature will give attention to making the changes which are necessary to make clear whether a person should be able to sign his will by mark, and to prescribe the formalities to be followed and recorded as a part of the will when the testator signs by mark or another person subscribes the name of the testator at the testator's direction.
For the reasons given above the decisions of the district court are reversed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
THORNAL, C.J., ROBERTS and CALDWELL, JJ., and TROWBRIDGE, Circuit Judge, concur.
ERVIN, J., dissents with opinion.
THOMAS, J., dissents and concurs with ERVIN, J.
ERVIN, Justice (dissenting).
F.S. Section 731.07, F.S.A. appears to require the testator to either sign (write) his name at the end of his will or if he is unable to write his name to get some other person in his presence and by his direction to sign his (testator's) name for him. This appears to preclude the use of an "X" or other mark to legally execute a will. The policy of the statute is to require the testator's name to be written either in his handwriting or in another's handwriting at the end of the will to serve the purpose of authenticity and to avoid as far as possible fraud or forgery.
THOMAS, J., concurs.