Thomas R. Brown Executive Director Department of General Services Tallahassee
QUESTION:
As a condition precedent to approving an agency's proposed lease, may the Department of General Services lawful require state agencies to obtain from their respective landlords compliance with standards established by the Department of General Services for persons who are physically disabled in all space obtained under lease?
SUMMARY:
As a condition precedent to approving an agency's proposed new lease wherein the state leases a portion of a building intended for use by the general public, the Department of General Services, pursuant to s. 255.21(1), F. S., must require state agencies to obtain from their respective landlords compliance with the standards and specifications established by the Department of General Services for providing special facilities for the physically disabled in that portion of the building covered under the lease. For the purposes of this section, a renewal of an expired lease or a renegotiated or renewed lease is to be categorized as a new lease.
Section 255.21(1), F. S., 1977, provides in pertinent part:
 Any building or facility intended for use by the general public which, in whole or in part, is . . . operated as a lessee, by or on behalf of the state . . . or any public administrative board or authority of the state shall, with respect to the . . . leased portion of such building or facility, comply with standards and specifications established by the Department of General Services under this section. . . . The section shall not apply to buildings or facilities existing on October 1, 1973 except as to . . . new leases. (Emphasis supplied.)
The title to Ch. 72-281, Laws of Florida, states that the purpose of the act relating to the physically handicapped is to require that certain public buildings afford facilities for the physically handicapped.
Of the six sentences in s. 255.21(1), the words `lease' or `lessee' appear only in the first and last sentences. A reading of the first sentence clearly shows that it applies to such portions of existing buildings or facilities as are leased and operated as lessees by agencies of the state if intended for use by the general public and such portions must comply with standards and specifications established by the Department of General Services. Further, all such new leaseholds operated by state agencies as lessees must comply with such standards and specifications. The last sentence, however, excepts from the operation of s. 255.21(1) all buildings or facilities existing on October 1, 1973, even if intended for the use of and being used by the general public; but, if any such building or facility so accepted is newly leased and operated as a lessee by the agencies of the state and if such leasehold is intended for use by the general public, then such leasehold becomes subject to and controlled by the provisions of the first sentence.
The phrasing of your question indicates that your concern is with the new lease situation or renewals of existent or expiring leases (which are, in legal effect, new leases). Your question reads in part: `As a condition precedent to approving an agency's proposedlease . . .?' (Emphasis supplied.) A proposed lease is not in existence and accordingly cannot be an existing lease or leasehold. Therefore, a proposed lease must be considered to be a new lease or a renewal of an expired lease which, as noted above, constitutes a `new lease.'
Thus, when the state or its agencies as lessees enter into a new lease or a renewal of an expired or expiring lease of an existing building (either pre-1973 or post-1973), or any part or portion thereof, the leased portion of such building or facility must comply with the standards and specifications established by the Department of General Services pursuant to s. 255.21, F. S., if such leased portion is intended for use of the general public or the affected state agency must obtain a modification or waiver of the regulations promulgated by the department pursuant to s.255.21(2), F. S.
A statute must be read and interpreted in its entirety and must be so construed that it is meaningful in all of its parts. Wilensky v. Fields, 267 So.2d 1 (Fla. 1972). Effect should be given to the entire statute as a consistent and harmonious whole. State ex rel. Davis v. Knight, 124 So. 461 (Fla. 1929). A statute should not be construed in such a manner as to reach an illogical or ineffective conclusion when another construction is possible. Gracie v. Deming, 213 So.2d 294 (2 D.C.A. Fla., 1968). The cardinal rule for statutory construction is that effect must be given to the intention of the Legislature. In re Estate of Williams,182 So.2d 10 (Fla. 1965). The primary source from which legislative intent is to be ascertained is the statute itself. Marshall Lodge v. Woodsen, 190 So. 749 (Fla. 1939). Here, the Legislature wished to exclude pre-October 1, 1973, buildings from the application of this section except as to new leases.
Prepared by: Horace Schow II, Assistant Attorney General